W. M. BROWN ET AL. v. C. M. McLENNAN ET AL.

(Case No. 4096.)

1. HOMESTEAD.—The homestead right of one having an undivided interest in a tract of land exceeding two hundred acres in quantity is not confined to the undivided interest in two hundred acres, including the improvements, but extends to an undivided interest of two hundred acres of the entire tract. The party claiming homestead rights under such circumstances cannot designate the homestead by metes and bounds; following Jenkins v. Volz, 54 Tex., 639.

ERROR from Falls. Tried below before the Hon. L. C. Alexander.

Brown & Scott brought this action of trespass to try title against McLennan, May 14, 1874, claiming the land by and through a judgment, orders of sale and constable's deed. The judgments were respectively in favor of Brown & Scott, against Z. I. Morrell, obtained before a justice of the peace on service by judicial attachment.

Morrell made himself party defendant as the landlord of McLennan, and, among other things, asserted that he only owned an undivided interest of one-third in the three hundred acre tract, and claimed the same as his homestead.

Other answers and exceptions were filed by the defendants, and acted upon by the court, which it is not necessary to notice.

Judgment rendered for defendant Morrell, etc.

*I. L. Scott*, for plaintiffs in error.

No briefs on file for defendants in error.

WATTS, J. COM. APP.— Admitting that the tract of land about which this controversy arose contained three hundred acres, still it appears that appellant Morrell only owned an undivided one-third interest in the tract.    He claimed, and the court found, that his entire interest in the tract was his homestead, and had become such prior to the accrual of appellants' asserted rights.

That Morrell and family had a homestead on the land is not seriously contested, but is in fact tacitly admitted.    Appellants, however, contend that the homestead was limited to his interest in two hundred acres of the land, including his improvements, and that his interest in the remaining one hundred acres was not protected as part of the homestead.    In support of this proposition they cite the case of Clements *v.* Lacy, 51 Tex., 161.    That was a peculiar case, decided with reference to its facts.    The court did not there announce any general rule to be applied in subsequent cases.

In Jenkins *v.* Volz, 54 Tex., 639, the very question here under consideration was considered and determined against the view insisted upon by appellants.    It was there said: "But we are further of opinion that the homestead right of appellants was not confined to their undivided interest in the two hundred acres, including their improvements, but extended to an undivided interest of two hundred acres of the five hundred and twenty acre tract, and that until partition had, it was out of their power to designate their homestead by metes and bounds."

That case is decisive of the proposition urged by appellants.

The effect of the foreclosure of the judicial attachment upon the land, as precluding the assertion of the homestead right by appellee Morrell, is not made a question in the case, and will not be considered further than to remark that whatever might have been the effect as to him, as his wife was no party to that proceeding, it could not preclude her from asserting the homestead right.

As it satisfactorily appears that all the interest appellee Morrell ever had in the land was protected from forced sale because of its homestead character, other errors complained about are immaterial,

for under the facts of the case the appellants could not rightfully recover the property.

In other words, the rulings assigned as error could, considering the entire case, work no injury to appellants. The judgment, therefore, ought to be affirmed.

AFFIRMED.

[Opinion approved June 15, 1883.]