### COCKE v. CONQUEST et al.
### (No. 991—5151.)

Commission of Appeals of Texas, Section B. Feb. 13, 1929.

Dawson, Hill & Walker, of Mission, and Emmett B. Cocke, of San Antonio, for plaintiff in error.

Ramsower & Seawell, of McAllen, for defendants in error.

SPEER, J. This was a proceeding by John R. Conquest and his vendors, Lee and Minnie A. Conquest, to enjoin Emmett B. Cocke, and another, from selling certain lands upon execution against Lee Conquest, alleging that at the time of the conveyance by Lee and Minnie A. Conquest, the property involved was their homestead. The deed under which John R. Conquest held was incidentally attacked as being in fraud of creditors. The trial below was before the court, who made findings of fact upon which he rendered judgment, perpetuating the injunction, and this judgment was affirmed by the Court of Civil Appeals, 2 S.W.(2d) 992.

The writ of error was granted upon the third and sixth assignments, presenting the only questions necessary to be discussed. The third assignment, and first to be considered, is: "The Court of Civil Appeals holds in this case that the language of the Constitution reading 'provided that the same shall be used for the purpose of a homestead' applies to lots in a town or city but in no manner applies to rural homesteads and thereby, in effect, holds that the head of a rural family is entitled to an exemption of 200 acres of land in every event, whether same be used for homestead purposes or not, and even though it consists of several tracts, some of which may not be used at all for homestead purposes." Now this would appear to present error, but in reality it is a mere abstraction. The language of the Court of Civil Appeals referred to consists in part of a quotation from Axer v. Bassett, 63 Tex. 545, and is used by way of an argument to support that court's conclusion, but it does not constitute the decision of the court.

■■ The trial court, among other things, found: "I find that when said suit (Cocke v. Lee Conquest) was filed in Bexar County, Lee Conquest owned at least 315 or 320 acres of land located in Hidalgo County and consisting of a number of separate tracts within a radius of seven or eight miles from the twenty acres on which the residence stood, the greatest distance between any two tracts being about twelve or fourteen miles and all of which land was used by the said Conquest for general farming purposes, in exactly the same way, for growing cotton, principally, and in addition he resided on the twenty acre tract above mentioned. * * * I find that on June 13, 1925 (the date of Cocke's filing an abstract of his judgment), and ever thereafter Lee Conquest was using, and continued to use, all the lands he then owned in Hidalgo County, including all that in controversy herein, for the purposes of farming and raising and caring for his cattle and that he used the proceeds arising from the sale of the products, derived from such use, to pay his taxes, debts, interest on debts, living expenses for himself and family, and operating his farms and that he needed same for those purposes." Upon these findings he concluded that the lands involved (being less than 200 acres) were used by Lee Conquest for homestead purposes and should be and were exempted to him and are protected under the Constitution and laws of the state, and that he had a right to convey such land to his coplaintiff, John R. Conquest.

These findings of fact are not attacked by any assignment of error presented to us, and the affirmance by the Court of Civil Appeals necessarily carries an adoption of the findings. The findings being entirely sufficient to show the homestead character of the property at the time the judgment lien was sought to be created, no judgment other than one for the plaintiffs could be sustained while the findings stand, for it is fundamental that a rural homestead can be had to include tracts entirely segregated, in which case, of course, the actual residence can only be upon one of such tracts. Const. art. 16, § 51. It is sufficient to mantle the several tracts with the protection of the law if they are used for homestead purposes, and this is in reality what has been held by both courts. See Speer's Law of Martial Rights, § 396.

The remaining assignment complains of the court's holding with reference to the sufficiency of the registration of the abstract to creating a lien upon the property. But a decision of this question is entirely unnecessary, since in no event could the lien exist against the property in controversy.

We recommend that the judgment of both courts be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.