**HAMM v. BROWN & HORN et al.**

No. 924.

Court of Civil Appeals of Texas. Waco.

June 5, 1930.

J. T. Spencer, of Waxahachie, and John H. Sharp, of Ennis, for appellant.

Walter S. Jones, of Ennis, and Will Hancock, Farrar & Stovall, and F. L. Wilson, all of Waxahachie, for appellees.

GALLAGHER, J.

This suit was instituted by appellant, John H. Hamm, against appellees, Brown & Horn, a firm composed of C. W. Brown and J. D. Horn, and C. M. Collins & Co., a firm composed of C. M. Collins and others not necessary to name, in form of trespass to try title to recover a tract of land which he alleged belonged to him, and also an undivided one-ninth interest in two other certain tracts of land belonging to the estate of his deceased father and mother, which interest therein he claimed as one of their heirs, and to establish a homestead interest in all of said tracts and to cancel and remove as a cloud upon his title thereto certain judgment liens claimed by appellees to have been fixed thereon by them, respectively.

Appellant is the head of a family and has been such continuously since September 13, 1913. His father and mother owned, among other property in Ellis county, the two tracts of land involved herein. One of said tracts contained about 240 acres. Said tract had been used and occupied by them as a home for many years. The other tract involved herein contained about 80 acres of land and was situated seven miles from the home place. Appellant moved onto said 80-acre tract as a tenant under his father in the year 1916. He has cultivated a part thereof himself and rented a part thereof to others every year since that time. He, however, accounted to his father for the rents on the whole tract and controlled the same himself. His parents were advanced in years. His father died September 19, 1926, and his mother died March 3, 1927. They both died intestate. They left nine children, including appellant, as their lawful heirs. Appellant did not reside on said 80-acre tract continuously. On February 13, 1918, he purchased a tract of land containing 80 acres, located about one-half mile from the tract belonging to his father and mother, on which he was then living. According to the testimony, his own tract is heavily incumbered and he has little if any equity therein. He moved his residence from the 80 acres owned by his father and mother to his own tract some time in the year 1924, and continued to reside thereon until the fall of 1927, when he returned to the original tract then constituting a part of the estate of his deceased parents, where he has resided ever since. Appellant had a conversation with his father and mother a short time before his father's death with reference to the interest he would inherit in their property at their death. They advised him that they wanted him to keep his interest and use it as a homestead, and he then expressed his purpose to do so. Such has been his purpose continuously since that time. After such conversation, appellant and one or more of his brothers made certain repairs and improvements on both said tracts. Appellant's work, however, was done principally upon the 80-acre tract which he occupied as tenant. During his occupancy thereof he set out an orchard, kept up the improvements, and did terracing and ditching thereon. The testimony discloses that there was an administration upon the estate of the deceased parents, but it does not show whether such administration had been closed at the time of trial. There was also testimony that appellant and the other heirs since the death of the parents had joined in keeping the estate in proper repair and condition, and that with the consent and approval of the others, he had done his share of such work on the 80-acre tract on which he resided. Appellees C. M. Collins & Co. recovered a judgment against appellant for the sum of $4,625 and filed an abstract thereof for record on April 12, 1926. Appellees Brown & Horn recovered a judgment against appellant for the sum of $312.45 and filed an abstract thereof for record on April 18, 1927. They also recovered a judgment against appellant for the sum of $357.50 and filed an abstract thereof for record on June 15, 1923.

The case was tried before the court without a jury. The court found and recited in his

judgment that appellant was the head of a family and entitled to a homestead; that he owned a tract of 80 acres of land in his own right; that he used and occupied the same as a home, and that the same was exempt to him as such. The court further found that appellant's parents died intestate; that they owned as community property at the time of their respective deaths the 240-acre tract and the 80-acre tract of land hereinbefore referred to; that appellant inherited an undivided one-ninth interest in both said tracts of land as one of their lawful heirs; that appellant's undivided one-ninth interest in and to said 80-acre tract was used by him for homestead purposes, and such interest was exempt from judgment liens. The court further found and recited in said judgment that the record of the abstract of the judgment against appellant in favor of C. M. Collins & Co. which they filed April 12, 1926, and the record of the abstract of the judgment against appellant in favor of Brown & Horn which they filed April 18, 1927, created valid judgment liens, respectively, on appellant's one-ninth interest in said 240-acre tract, and ordered same foreclosed and said interest sold as under execution to satisfy said judgments. The court in this connection found that the record of the other abstract of judgment against appellant in favor of Brown & Horn was insufficient to create a lien. The court further canceled and removed all said judgment liens as a cloud upon appellant's title to the 80 acres of land owned by him in his own right and his one-ninth interest in the 80-acre tract belonging to the estate of his deceased parents.

### Opinion.

■■ Appellant assails the judgment rendered herein by several assignments of error. The principal contention therein is that the court erred in refusing to decree his entire interest in both said tracts of land exempt to him as a part of his homestead. The undisputed testimony showed such use and occupancy by appellant of the 80-acre tract belonging to the estate of his deceased parents as to constitute his interest therein a part of his homestead exemption. Young v. Hollingsworth (Tex. Civ. App.) 16 S.W.(2d) 844, 846 et seq. pars. 1 to 6, inclusive (writ refused), and authorities there cited. The trial court in fact so found. Such finding is not assailed by appellees. The testimony further showed an equitable right in appellant to have his entire interest in the estate of his parents set aside to him out of said tract in final partition of the estate. Easterling v. Simmons (Tex. Civ. App.) 293 S. W. 690, 694, par. 9, and authorities there cited. There is nothing in the testimony tending to defeat such equity in his favor. On the contrary, there is testimony tending to show a tacit understanding between appellant and his brothers and sisters, the other heirs of said estate, both before and after the death of the parents, that his interest in the estate should be set apart to him out of said tract.

■■ Appellant's interest in the estate of his parents was subject to administration thereon and an administration was actually pending. One of the ordinary incidents of administration is the partition of the property belonging to the estate remaining on hand when the purpose of the administration is accomplished. Just what part of the estate of appellant's parents will be allotted to him when partition is made could not be known at the time of trial. When the homestead exemption attaches to property in which the party claiming same has only an undivided interest, such exemption will be continued and applied to the land ultimately set aside to him, whether any part of the land so set aside to him was actually used by him for homestead purposes prior to such partition. Luhn v. Stone, 65 Tex. 439, pages 441 and 442; Clements v. Lacy, 51 Tex. 150, pages 161 and 162; Brown v. McLennan, 60 Tex. 43, 44; Jenkins v. Volz, 54 Tex. 636, 639; Young v. Hollingsworth, supra. While in the cases cited herein, where such rule was applied, the several tracts were contiguous, we do not think that the fact that the two tracts belonging to the estate of appellant's parents were several miles apart should defeat the application of such rule. Appellant was in actual possession and homestead use of more land belonging to his parents' estate than could possibly be allotted to him as his distributive share thereof. If his share in the entire estate should be allotted to him out of said tract, every requirement for the application of the rule made by the cases cited would be substantially met. Should his homestead right be defeated entirely if in the final partition of said estate all the land so used and occupied by him should be allotted to another heir, and other land out of the larger tract not so occupied or used by him allotted to him in lieu thereof as his distributive share of the estate as a whole? We think not. His homestead right in his share of the land inherited from his parents should not without fault on his part be entirely defeated merely by the contingencies of partition. The judgment complained of limited appellant's homestead right in his inheritance from his parents to approximately 9 acres, and in effect made his enjoyment thereof contingent upon the allotment of his share of the estate, or that much thereof, out of said 80-acre tract. Appellant's complaint thereof is sustained.

The judgment of the trial court is reversed, and the cause is remanded.