### YOUNGBLOOD v. YOUNGBLOOD et al.
### No. 1100.

Court of Civil Appeals of Texas. Waco.
Jan. 28, 1932.

Rehearing Denied Feb. 18, 1932.

J. T. Spencer and J. C. Lumpkins, both of Waxahachie, for appellant.

W. V. Dunnam, of Waco, Walter S. Jones, of Ennis, and Farrar & Stovall, of Waxahachie, for appellees.

GALLAGHER, C. J.

This suit was instituted by appellant, Mrs. Litt Youngblood, against Herman Youngblood, hereinafter called appellee, and others, to establish her right as surviving wife of W. F. Youngblood, deceased, to the use and occupancy as a homestead of 152¼ acres of land which she alleged was the separate property of the deceased at the time of his death, and to cancel, so far as the same might in any way interfere with her homestead rights, a certain deed by which the deceased conveyed 40 acres thereof to said Herman Youngblood. She expressly disclaimed any right in or title to the fee in said lands. She alleged that 53 acres of said land was separated from the remaining 99¼ acres by a public road. Appellee Herman Youngblood filed a general denial, and specially denied that the deceased ever resided upon the 99¼ acre tract or that he ever intended to use or used the same for homestead purposes. He further alleged that the deceased, W. F. Youngblood, was his father; that he had, long before his marriage to appellant, who was his second wife, made to him a parol gift or sale of 40 acres off the west end of said 99¼ acre tract; that, relying on such gift, he in good faith moved onto said land, took actual possession thereof, made valuable and permanent improvements thereon, and in every way complied with the conditions of such gift or sale. He further alleged that thereafter, on the 13th

day of September, 1927, his said father executed and delivered to him a regular conveyance of said property, and that said deed was intended to ratify and confirm such prior parol sale or gift of said land. He further alleged that his said father left a last will and testament; that the same had been duly probated; that by the terms thereof the testator devised to appellant a life estate in the 53-acre tract, and thereby recognized her homestead right therein; that the testator further devised to him the 40 acres of land off the west end of said 99¼ acre tract, so claimed by him, and the remainder of said tract to him and his brothers and sisters, all of whom were children of the testator's first marriage. Appellee further alleged that appellant had accepted the terms of said will and elected to take the property devised to her therein, and was therefore estopped to claim homestead rights in said 99¼ acre tract. The other defendants in said suit, who are also appellees herein, answered by general denial, and a part of them, not necessary to mention by name, adopted the answer of appellee Herman Youngblood.

The case was submitted to a jury on special issues, and upon the verdict returned the court rendered judgment recognizing and establishing appellant's homestead rights in and to the 53-acre tract and denying her homestead claim to the 99¼ acre tract. The court rendered a further judgment awarding to appellee Herman Youngblood a recovery against all the other parties to the suit of the particular 40 acres of land off the west side of said 99¼ acre tract claimed by him. The court further adjudged the costs of suit against appellant.

## Opinion.

Appellant presents assignments of error complaining of the refusal of the court to instruct the jury peremptorily to return a verdict in her favor. The deceased, W. F. Youngblood, was a farmer. He was twice married. He had ten children by his first marriage and none by his second. He formerly resided on a tract of land containing approximately 130 acres and used the same for homestead purposes. He also owned several other small tracts, the size and location of which are immaterial. He purchased the 53-acre tract involved in this suit in 1894, moved onto the same in 1906, and resided thereon continuously until his death, which occurred January 26, 1929. He purchased the 99¼ acre tract involved herein in 1910. It lay immediately north of the 53-acre tract, but was separated therefrom by a public road. At the time of the purchase of said last-named tract he was over sixty years of age and was not engaged personally in active work on his lands, but kept the same rented to sons or sons-in-law for a part of the crops raised thereon. His daughter Annie had recently married one Southard. He stated that his purpose in purchasing said 99¼ acre tract was to provide a place close to his home for her and her husband to live upon so that she could be near and help her mother, who was in bad health. He immediately made some additional improvements on this tract and his said daughter and her husband moved thereon and remained until about 1922. Appellee cultivated a part of said tract during the time it was occupied by the Southards. When they moved away he bought from them some improvements they had made thereon and afterwards made further improvements at his own expense. He cultivated both that tract and the 53-acre tract from that time until his father's death in January, 1929. W. F. Youngblood never cultivated crops on any part of the 99¼ acre tract either in person or by hired labor. There is testimony, however, that he reserved a part of the fruit from an orchard thereon, and that he had a small truck patch or garden thereon. W. F. Youngblood's first wife died December 26, 1915. He married appellant April 19, 1917. Prior to his second marriage he, at the suggestion of appellant, had a full settlement of the community estate with his children. As a part of such settlement they conveyed to him in severalty as his share of the community land the said 53 and 99¼ acre tracts. No change was made in the manner of occupancy and use of either tract. He continued to rent the 99¼ acre tract for part of the crops. The rent cotton was sold and the money placed to his credit in the bank. The rent corn, oats, and sorghum were delivered to him at his home and used for feeding his stock. More than a year before his death he executed a will, which was duly probated. The terms of the same were substantially as alleged by appellee. The testator referred therein to the 53-acre tract, on which he resided, as his homestead. He bequeathed therein certain personal property to appellant. Said will bore the same date as his deed to appellee, conveying the 40 acres off the west end of the 99¼ acre tract, as alleged in appellee's answer and cross-action. He declared in said deed that said tract was no part of his homestead and was not used and occupied as such. Appellant herself introduced said deed in evidence without reservation.

■■ The general rule is that whether segregated tracts of land constitute part of the homestead is a question of fact to be determined from all the evidence, and that two requisites must concur to give them such quality; such requisites being that the owner must intend such tracts to be a part of his homestead, and must in some way use them as such. Andrews v. Hagadon, 54 Tex. 571, 576; Keith v. Hyndman, 57 Tex. 425, 430; Cocke v. Conquest (Tex. Com. App.) 13 S.W.(2d) 348, 349; Id. (Tex. Sup.) 35 S.W.(2d)

673, 674 et seq.; Johnson v. Russell (Tex. Civ. App.) 220 S. W. 352, 353, par. 2 (writ refused) and authorities there cited; Speer's Marital Rights (3rd Ed.) p. 555, § 462; Id., p. 556, et seq., sec. 463. Cocke v. Conquest, supra, is the latest expression from our Supreme Court and is expressly based on an affirmative finding of actual homestead use made by the trial court and approved by the Court of Civil Appeals.

Appellant contends that W. F. Youngblood retained his homestead right in and to the 130-acre tract from which he moved in 1906 to the 53-acre tract, on which he resided at the time of the partition between him and his children ten years later. The testimony shows affirmatively that all his lands other than the 53-acre tract were during said years rented to his children and others for a part of the crops. The testimony is very vague concerning the disposition of said original homestead, but conceding that the homestead character continued during all said years, and that said tract passed to the children in such partition, and that W. F. Youngblood, under the rule announced in Young v. Hollingsworth (Tex. Civ. App.) 16 S.W.(2d) 844, 847, pars. 3 and 4, and Hamm v. Brown & Horn (Tex. Civ. App.) 29 S.W.(2d) 431, 433, pars. 3 and 4, could, as against creditors, have asserted homestead rights in the 99¼ acres received by him in lieu of his interest in the entire community estate, including such former homestead, still he could not be required to assert such claim. The homestead character and exemption would not be by operation of law impressed upon the tract so received, against his will and contrary to his intention and purpose. Testimony showing or tending to show that he used fruit from an orchard on said tract, had a garden thereon, and used a part of the rentals in kind received therefrom to feed his stock, is not of sufficient probative force to conclusively establish as a matter of law that he intended said tract to constitute a part of his homestead and actually used the same as such. Autry v. Reasor, 102 Tex. 123, 128, 108 S. W. 1162, 113 S. W. 748; Brooks v. Chatham, 57 Tex. 31; Jones v. First Nat. Bank (Tex. Com. App.) 259 S. W. 157, 158, par. 1, 160, pars. 4 and 5; Benzel v. Commercial Nat. Bank (Tex. Civ. App.) 1 S.W. (2d) 695, 698; Walker v. Dailey (Tex. Civ. App.) 290 S. W. 813, 815, par. 5; Jones v. Lee (Tex. Civ. App.) 41 S. W. 195, 196; Allen v. Whitaker (Tex. Sup.) 18 S. W. 160; Nix v. Mayer (Tex. Sup.) 2 S. W. 819, 821. There were conflicts in the testimony concerning such facts, and appellant's testimony with reference thereto was very material. She being an interested witness, her credibility and the weight to be given to her testimony were questions for the jury, and such testimony, in so far as it supported her contentions, could do no more than raise an issue for the

determination of the jury. Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, 845, par. 6. The court did not err in refusing appellant's request for a peremptory charge.

Appellant presents an assignment in which she assails the action of the court in submitting to the jury for determination special issue No. 1. The court's judgment denying her homestead rights in any part of the 99¼ acre tract is based upon the answer to said issue returned by the jury. Said issue and answer are as follows:

"Do you find from a preponderance of the evidence that at any time, at and subsequent to the time W. F. Youngblood bought the 99¼ acres of land involved in this suit, he intended that said 99¼ acres of land should constitute a part of his homestead?"

Answer: "No."

The court also submitted in that connection special issue No. 2, in which the jury were asked to find whether W. F. Youngblood ever at any time after he purchased said tract used the same as a part of his homestead, but instructed the jury not to answer the same if they returned a negative answer to said special issue No. 1. The jury did not answer special issue No. 2. The only objection made by appellant to the submission of issue No. 1 was one concerning the burden of proof. Such objection is not presented for consideration in her brief. She nowhere in her motion for new trial assails the finding of the jury in answer thereto as being without support in the evidence. Since appellant did not object to the submission of said special issue, we are not authorized to further consider her complaint of the submission of the same.

Appellant presents an assignment in which she complains of the action of the court in instructing the jury not to answer special issue No. 2 in event a negative answer was returned to issue No. 1. No objection to such instruction was made at the time. She requested the submission of a similar issue, to be answered only in event of an affirmative answer to special issue No. 1 and not to be answered in event of a negative answer thereto. Said assignment is therefore overruled.

Appellant assigns as error the action of the court in admitting in evidence over her objections the will of W. F. Youngblood, deceased. Her objections were to the introduction of the will as a whole, and were, in substance, that all statements therein with reference to the homestead of the deceased were self-serving and not statements of fact, but mere conclusions of law, and therefore not binding on her. Appellee, as hereinbefore shown, alleged in his answer and cross-action the existence of such will, its probate and the material provisions there-

of. He also alleged that appellant had elected to receive and had received the benefits conferred on her thereby, and that she was estopped by such election to recover contrary to its provisions. He also sought a judgment awarding him title and possession of the particular 40 acres of land claimed by him, not only against appellant, but also against his brothers and sisters, who were parties to the suit. Said will and the probate thereof were admissible under such allegations. Being admissible in support of some of the issues involved, the court did not err in overruling a general objection thereto. Appellant's remedy, if she deemed consideration thereof improper on any issues affecting her rights, was to request the court to instruct the jury to exclude the same from consideration in determining such issues. It was not the duty of the court to give such instruction on his own motion. Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78, 81, pars. 4 to 7, inclusive, and authorities there cited; Steger v. Greer (Tex. Civ. App.) 228 S. W. 304, 307, par. 8, and authorities there cited.

Appellant complains of the action of the court in permitting appellee to introduce in evidence over her objection the fire insurance policy on certain improvements on the 40-acre tract claimed by him. Appellee testified that he was claiming the title to said land and to the improvements covered by said policy, and that such policy was issued to him as owner thereof. There was testimony that the question of insurance was discussed between appellee and his father in the presence of appellant, and that in such discussion and in her presence his father told him that the place belonged to him (appellee) and that he would have to pay for the insurance. There was also testimony that appellant told appellee that it was his place to pay such insurance. The court did not err in admitting the policy in evidence in connection with such testimony.

Appellant presents a proposition in which she complains of the action of the court in adjudging all costs against her without entering of record any reason therefor, she having recovered part of the relief sought by her. Said proposition is not supported by any assignment of error. Such error is not fundamental and cannot be considered in the absence of an assignment raising such issue. Texas & P. Ry. Co. v. Lilly, 118 Tex. 644, 648, 23 S.W.(2d) 697.

Since the court denied appellant homestead rights in any part of the 99¼ acre tract, all her assignments of error with reference to appellee's recovery of title to the 40-acre tract against her and his brothers and sisters become immaterial to her and

need not be considered. None of appellee's brothers and sisters complain of such recovery by him.

The judgment of the trial court is affirmed.