## RICHERSON et al. v. POUNDS et al.

No. 2866.

Court of Civil Appeals of Texas. Waco.

Sept. 29, 1949.

Rehearing Denied Oct. 27, 1949.

C. O. McMillan, Stephenville, for appellants.

S. R. Allen, Hamilton, for appellees.

TIREY, Justice.

This is a suit (nonjury) in trespass to try title. The court entered a "take nothing" judgment against plaintiffs. Defendants asked for no affirmative relief and none was granted. There was no request for findings of fact and conclusions of law and none were filed.

Appellants' first point is: "The trial court erred in rendering judgment that plaintiffs take nothing." We sustain this contention. The point requires a comprehensive statement.

The plaintiffs brought their suit in conformity with the rules set out in Part 7, Sec. 7, "Trespass to Try Title", Texas Rules Civil Procedure, to recover title to and possession of a tract of 51 acres of land in Hamilton county, Texas, described by metes and bounds. It was stipulated that Ted Couch was the common source of title. The plaintiffs are the children and grandchildren of Ted Couch, deceased, and his first wife, who pre-deceased him. Ted Couch had no children by his second wife and none by his third wife, Rosa Couch, who is now the wife of Paul Pounds, the defendants herein. . Defendants in their amended original petition entered (a) a plea of not guilty; (b) plea of res adjudicata; (c) estoppel; and (d) the three year statute of limitation.

It is without dispute that the same plaintiffs in this cause of action, in January 1942, filed a suit in the district court of Hamilton county, Texas, against Rosa Couch (now Rosa Couch Pounds) individually and as administratrix of the estate of Ted Couch, deceased, which estate was pending in the probate court of Hamilton county at the time the suit was brought. In their original petition in this partition suit they alleged that the plaintiffs and defendants "are the joint owners in fee simple of the following described three tracts of land situated in Hamilton county, Texas," the first tract containing 84.73 acres, the second tract 38.34 acres and the third tract 81.3 acres, each tract described by metes and bounds. They further alleged that said tracts of land were fenced along with other tracts and specifically set out the source of their title to these tracts. They specifically alleged that the estate of Ted Couch was the owner of an undivided ¼ interest in each of the aforesaid tracts and that the plaintiffs owned the remaining interest, and further alleged that plaintiffs owned another tract of about 54 acres which was their separate property and which they had inherited from their grandfather's estate. Plaintiffs' petition further specifically alleged that Mrs. Couch was the third and last wife of Ted Couch and that all the interest now owned by the estate of said Couch was purchased by him before his marriage to the said Rosa Couch and that whatever interest the said Rosa Couch may own individually in said lands is as the surviving wife of Ted Couch. See Art. 2571, Vernon's Rev.Civ.Stats. They further alleged that they were entitled to a partition and division of the lands between them and the estate of Ted Couch, deceased, and Rosa Couch, who at that time was the duly qualified and acting administratrix of the estate of Ted Couch, who had died intestate. Rosa Couch answered plaintiffs' suit and set up that she was the surviving widow of Ted Couch and the duly qualified and acting administratrix of his estate pending in the probate court of Hamilton county, Texas. She prayed for certain specific relief not pertinent here and further prayed "for such other and further relief to which she may show herself justly entitled in law or in equity." The court, in April 1942, entered an order wherein it found that plaintiffs and defendants were the sole owners of tracts 1, 2 and 3 described in plaintiffs' petition and that they were entitled to a partition and division of the same, and set said tracts out by metes and bounds. The order specifically found that the plaintiffs were entitled to a ⅝ interest in the first tract and the estate of Ted Couch to a ⅜ interest therein; that the plaintiffs were the owners of an undivided ¾ interest in the second tract and the estate of Ted Couch the owner of a ¼ interest; and that plaintiffs John Peterson and Hazel Peterson owned an undivided ¼ interest in the third tract and that a ½ interest therein was owned by the other plaintiffs jointly and that the estate of Ted Couch also owned an undivided ¼ interest therein. The order appointed commissioners (one of whom was a surveyor) to partition and divide the estate, and thereafter the commissioners, on the 16th day of April, 1942, returned into court their report partitioning the estate and in this report they divided said lands into two tracts for the purpose of this partition suit. The commissioners carved a 51 acre tract out of the first tract described in the plaintiffs' original petition and designated said 51 acre tract as tract No. 1 (the tract here-

in sued for), and they "assigned and set apart to Rosa Couch in her capacity as administratrix of the estate of Ted Couch, deceased, said 51 acre tract. They "assigned" tract No. 2 to the other plaintiffs and specifically fixed their respective undivided interests therein, and accompanied their report with a map and field notes showing said tracts Nos. 1 and 2 as partitioned. The trial court thereafter, on the 18th day of April 1942, entered an order approving the report of the commissioners, and this order specifically states that no exceptions or objections were made to the report of the commissioners and the court approved and confirmed the report and ordered it entered of record by the clerk. This order further provided that "the title shall be and is hereby vested in each party to whom a share has been allotted to such share or portion of said property as set apart to them by said commissioners in said report as against the other parties to this suit, their heirs, executors, administrators, or assigns, as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties." There was no appeal from the judgment entered in the partition suit aforesaid and evidence was tendered to the effect that the plaintiffs and Mrs. Couch went into possession of the respective tracts awarded to them and exercised dominion and control thereof. Evidence was tendered to the effect that Mrs. Couch made application in the Probate Court in 1942 to have the 51 acres set aside to her as her homestead and the original order setting it aside to her in June, 1942 was tendered in evidence but it did not appear to be signed by the County Judge but it was recorded in the Minutes of the Probate Court. Plaintiffs assail the validity of this order. Clearly this was a collateral attack upon the judgment entered in the Probate Court. See Graser v. Graser, Tex.Sup., 215 S.W.2d 867, page 870, points 1 and 2. However, independent of the order entered in the Probate Court (and we express no view as to the validity thereof), we think the other evidence tendered is ample to sustain the implied finding of the trial court that Mrs. Couch had not abandoned said tract as her homestead. See Youngblood v. Youngblood, 124 Tex. 184, 76 S.W.2d 759, opinion by this court 46 S.W.2d 390. Mrs. Couch's administration of the estate of Ted Couch was duly closed by order entered in the County Court in January, 1946.

Plaintiffs filed this suit on the 29th day of March, 1947. They made no attack on the former partition judgment. They neither asserted that it was invalid nor sought to set it aside or to modify it. This suit as filed is a formal action in trespass to try title and plaintiffs do not contend that it is in the nature of a bill of review. We assume, without deciding, that plaintiffs brought their suit believing that Mrs. Couch had abandoned such homestead rights as she had in and to the 51 acre tract. As heretofore stated, Mrs. Couch asked for no affirmative relief (unless her plea of our three year statute of limitations could be so construed) in this case and none was granted to her (unless the "take nothing" judgment can be so construed), and in her brief she admits in effect that the plaintiffs hold the fee simple title to the 51 acre tract subject to her life estate in one-third thereof and subject to her right to possess and claim it as a homestead.

■ Under the foregoing record, did the trial court err in entering a "take nothing" judgment against plaintiffs? We think so under the doctrine stated by our Supreme Court in Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, page 570, 111 A.L.R. 1152, opinion by Com. App. in 73 S.W.2d 490, although that decision was expressly limited by our Supreme Court in Poth v. Roosth, 202 S.W.2d 442, point page 445. In the Permian Oil Company case, supra, [129 Tex. 413, 107 S.W.2d 576] we find this statement: *"In this state a petition limited to the statutory form of trespass to try title always puts in issue both title and possession. Any one of a number of facts may determine the issue, but the cause of action remains the same. If the plaintiff seeks to limit the issue to one of such facts, he must do so by special pleading in appropriate form. By*

*so doing he may limit the case to the portion of his land involved in the boundary dispute, or possession, or to some other incident of title."* (Italics ours.) That is the exact situation with reference to plaintiffs' pleadings here. Under the record here made and from the statements made by counsel in oral argument before us, neither plaintiffs nor defendants sought to disturb the title adjudicated in the partition judgment heretofore entered. All parties admitted that the District Court of Hamilton County had jurisdiction of the subject matter and parties at the time this partition judgment was entered and the title there adjudicated was not in anywise assailed. We assume, without deciding, that the trial court entered the "take nothing" judgment on the theory that the formal trespass to try title action now before the court was a collateral attack on the partition judgment here referred to, and under the decision of Moore v. Blagge, 91 Tex. 151, 38 S.W.2d 979, point page 985, a "take nothing" judgment was the proper judgment to be entered; see also Richardson v. Trout, Tex.Civ.App., 135 S.W. 677 (writ ref.); Thomas v. South Western Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290, page 296; Security Trust Co. v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151, page 156; and that the decree entered in the partition judgment was res adjudicata of the interests of the parties in the 51 acre tract and precludes the present demands of the plaintiffs inconsistent therewith. See White v. White, 142 Tex. 499, 179 S.W.2d 503.

■ However, in view of the pronouncements by the Supreme Court in the Permian Oil Company case, supra, and in view of the record here made, together with admissions made by counsel in oral argument, we think the "take nothing" judgment entered by the trial court should be reformed so as to make the record comply with the holding that was actually made by the trial court, which was in effect that plaintiffs were not entitled to immediate possession or any other immediate relief to the 51 acre tract and that plaintiffs' title to said 51 acres as adjudicated in the partition judgment is in nowise disturbed, and plaintiffs' immediate possession or any other immediate relief was denied without prejudice to their rights in the event Mrs. Couch abandoned her homestead claim, or upon the termination of her life estate. Accordingly, the "take nothing" judgment entered by the trial court will be reformed in accordance with the views here expressed, and, as reformed, affirmed. The costs of this appeal will be taxed against appellants.

It follows that all other points pass out of the case.

Reformed and affirmed.