B. H. "Brodie" JONES, Appellant,

v.

OGLETREE LUMBER COMPANY et al., Appellees.

No. 7856.

Court of Civil Appeals of Texas, Beaumont.

Sept. 16, 1976.

Rehearing Denied Oct. 7, 1976.

**876**

W. R. Malone, Huntsville, for appellant.

William R. Choate, Houston, for appellees.

DIES, Chief Justice.

The Ogletree Lumber Company, a partnership, as plaintiffs below, sued defendant below, B. H. "Brodie" Jones, to remove cloud from title to a 20.7 acre tract of land. The trial court granted Ogletree's motion for summary judgment from which Jones has perfected this appeal. The parties will be referred to as they were below.

In a prior suit, plaintiffs brought suit against defendant describing the same property. The petition in the former suit contained two paragraphs in the form of a statutory trespass to try title action. The remaining paragraphs alleged damages by reason of wrongful cutting of timber. The prayer was for money judgment, and "any other relief to which they [plaintiffs] may be entitled."

Defendant Jones filed a plea of not guilty, general denial, and alternatively pleaded honest mistake as regards the timber cutting. On November 23, 1955, the court dismissed this cause using this language: "[T]his suit, together with the cause of action alleged therein by the Plaintiffs as against the Defendant, Brodie Jones, be, and the same is hereby dismissed with prejudice against the Plaintiffs." Costs were taxed against defendant Jones. Defendant Jones says this dismissal with prejudice gave him title to the property and is res adjudicata of the case we now review. He cites *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.), 413 S.W.2d 387 (Tex. 1967), saying:

> "Such an order is, of course, usually a determination of the merits of the lawsuit, rather than a plain dismissal."

He also quoted 27 C.J.S. *Dismissal and Nonsuit* § 39 (1959) at 380:

> "A voluntary dismissal of a complaint with prejudice operates as an adjudication on the merits terminating the action and concluding the rights of the parties."

In *Permian Oil Co. v. Smith*, 129 Tex. 413, 73 S.W.2d 490 (1934), 107 S.W.2d 564 (Tex. 1937), 111 A.L.R. 1152 (1934), the petition in a prior suit was in the statutory form of trespass to try title describing sections 103 and 104. Judgment was that plaintiff take nothing by his suit. In a second suit, plaintiff held under the defendant in the prior suit and asserted title to section 103 by virtue of the take nothing judgment. Defendants there contended the title to section 103 was not determined by the take nothing judgment because the fact issue tried and determined in that suit was one of boundary only and not title. The court held the judgment was unambiguous and that its effect was to vest the title to the defendants in that cause.

This decision was somewhat modified in *Poth v. Roosth*, 146 Tex. 7, 202 S.W.2d 442, 445 (1947), permitting examination of the pleadings in the prior suit "in order to determine the scope and meaning of a take nothing judgment." See also *Cargile v. Carter*, 326 S.W.2d 208 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.). In *City of Houston v. Miller*, 436 S.W.2d 368, 372 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), the court said:

> "We believe it to be clearly the law of this state that the pleadings of the parties may be considered to determine the scope and meaning of a 'take nothing' judgment in trespass to try title."

See also, *Richerson v. Pounds,* 223 S.W.2d 668 (Tex.Civ.App.—Waco 1949, no writ).

When we examine the pleadings involved here (see Tex.R.Civ.P. 783) it seems clear the court was dismissing with prejudice only plaintiff's suit for money damages for wrongful cutting and did not intend to transfer title to the land to defendant Jones. This is more evident when the court adjudged the costs in the previous case against defendant Jones. This point of error is overruled.

Appellant Jones under his fourth point of error asserts as "another reason why . . . " the deeds offered by appellees cannot be relied upon for summary judgment that the "certified copies of said deeds were not attached to the affidavit supporting the Appellees' (Plaintiffs) Motion for Summary Judgment, or served therewith." We find no merit in this contention.

The record shows that the certified copies of the deeds in question were attached to appellees' second amended abstract of title which was in affidavit form. While this document was not attached to appellees' motion for summary judgment, it can be considered as having been properly before the trial court as an admission. In *Looney v. First National Bank of Floresville,* 322 S.W.2d 53, 55 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.), involving a summary judgment in a trespass to try title suit, the court stated:

> "It is true that appellants, Looney et al., originally filed a trespass to try title suit which did not disclose the title under which they were claiming, but when they filed their abstract of title it disclosed that they were claiming as devisees under the will of Isaac S. Hurt, deceased, and unless they change or abandon this abstract of title, with leave of the court, they are bound thereby, and *in a summary judgment proceeding their abstract of title can be considered by the court as an admission by them* that they are claiming as devisees under the will of Isaac S. Hurt. Rule 794, Texas Rules of Civil Procedure." (Emphasis added)

Appellant has other points which we find have no merit and they are overruled. The order of the trial court granting summary judgment for appellees is, therefore, affirmed.

STEPHENSON, J., not participating.