### COCKE v. CONQUEST et al.    (No. 7900.)

Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1928.

Rehearing Overruled Feb. 22, 1928.

1. Homestead &#8660;213—Allegation that proceeds of crops from lands were needed for support of plaintiff and family held sufficient to admit proof of homestead.

In suit to enjoin constable from selling lands, allegation that lands were used, owned, and cultivated by plaintiff for benefit of himself and family and that proceeds of crops were needed and used by him for his and their support, was sufficient to admit proof of homestead.

2. Homestead &#8660;32—Rural homestead need not be used for purposes of a home (Const. art. 16, § 51).

Under Const. art. 16, § 51, providing that homestead not in town or city shall consist of not more than 200 acres of land, which may be in one or more parcels, with improvements thereon, there is no requirement that the rural homestead be used for purposes of a home.

---

**3. Homestead ⬤⇒5—Homestead laws are liberally construed.**

Homestead laws should be liberally construed.

**4. Homestead ⬤⇒60—Character of homestead used for support of family is not changed, even though it produced excess above actual needs of family.**

Where separate tracts of land were used as a homestead and used to contribute to support of plaintiff's family, its character as a homestead was not changed, even though there was excess produced thereon above the family's actual and necessary support and maintenance.

**5. Judgment ⬤⇒769—Abstract of judgment did not create lien where, because of insufficient space, names of parties were not indexed on page of proper initial but on page under another letter, to which reference was made under proper letter (Rev. St. 1925, art. 5448).**

There was no compliance with Rev. St. 1925, art. 5448, requiring county clerk to file abstract of judgment and at same time enter it on alphabetical index to judgment record, where the clerk by notation carried the index letter forward to another page in the index book and there entered the names of the parties to the judgment, and the abstract did not create a lien.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by John R. Conquest and others against Emmett B. Cocke and another. From a judgment for plaintiffs, defendant Cocke brings error. Affirmed.

Emmett B. Cocke and Ben H. Kelly, both of San Antonio, and Dawson, Hill & Walker, of Mission, for plaintiff in error.

Ramsower & Seawell, of McAllen, for defendants in error.

COBBS, J. This suit was brought by defendants in error to enjoin plaintiff in error and John E. Forister, constable, from selling under execution certain lands levied upon, alleging among other things:

"That on April 29, 1925, said Lee and Minnie A. Conquest lawfully owned four small tracts of adjoining land, containing in the aggregate 45.71 acres, out of a subdivision of a part of old porciones 71 and 72 in Hidalgo county, as shown by plat recorded in volume 11, p. 64, Deed Records of Hidalgo county, and on said date deeded same to said John R. Conquest, their coplaintiff, who as a part of the consideration assumed certain indebtedness against the land. They further alleged that on September 2, 1925, the said Lee and Minnie A. Conquest owned five other tracts of land, which contained 188.04 acres out of various and sundry grants and tracts in Hidalgo county, and on said date they sold it also to said John R. Conquest, their coplaintiff, and on December 4, 1925, they gave him a deed of correction. They further alleged that, when the said 188.04 acres were conveyed, Lee and Minne A. Conquest were husband and wife, and that they cultivated the lands and used the proceeds for the support of their family, and that they lived 'on a portion of said lands in a dwelling house owned and occupied by him,' meaning Conquest, 'and that all of said land was used, owned, and cultivated by him for the benefit of himself and family, and that the proceeds of the crops upon said land were needed and used by him for the support of himself and his family.' They allege further that in June, 1925, said Cocke recovered a judgment for $6,300 in the district court of Bexar county, Seventy-Third judicial district of Texas, against said Lee and Minnie A. Conquest, and that one R. M. Davis was also a defendant, and that an abstract of said judgment was filed and recorded in volume 2, p. 257, Judgment Records of Hidalgo county, Tex., but that same was 'not properly abstracted and indexed, as required by law.' It was further alleged that defendant Cocke 'claims a lien on all of said above-described lands by virtue of said judgment, and that his claim creates and casts a cloud upon the title of these plaintiffs, * * * and that in truth and in fact said judgment is not a lien upon said land, for the reason that same was not duly abstracted, and the names of the parties are not indexed as required by law, and for the further reason that at the time said judgment was rendered in said cause by the district court of Bexar county, Tex., and at the time the same was attempted to be abstracted and recorded in Hidalgo county, * * * said lands constituted the homestead of the said Lee Conquest and Minnie A. Conquest.' It is further alleged that the land covered by the first deed to John Conquest was prior to the filing of the abstract of judgment. It is further alleged that a part of said land covered by the first deed, that is, the one of April 29, 1925, constituted a part of the homestead, 'the said lands being used, occupied, and cultivated by said Lee Conquest, and the proceeds of the crops derived from same used and needed for the support of himself and family at and prior to said conveyance; * * * that although said 35.6 acres of land (should have been 45.71 acres) above described does not belong to said plaintiffs Lee Conquest and Minnie A. Conquest, but, as heretofore stated, became the property of John R. Conquest, on the 29th day of April, 1925, the said defendant, Emmett B. Cocke, caused a certain pluries execution to be issued out of the honorable district court of the Seventy-Third judicial district, Bexar county, Tex., on the 12th day of August, 1926, by the clerk of said court for the sum of $6,300, less a credit of the amount of $1,925.85 on the judgment aforesaid, and the said execution was placed in the hands of the defendant John E. Forister, constable, precinct No. 1, Hidalgo county, Tex., who on the 19th day of August, 1926, levied on said 35.6 acres, first above described as the property of Lee Conquest and Minnie A. Conquest, and has notified said plaintiffs that he will sell said above-described real estate at public vendue for cash to the highest bidder at the courthouse door of Hidalgo county, Tex., on the first Tuesday of October, 1926, the same being the 5th day of said month. Plaintiffs state that said prop-

erty is not subject to said execution and sale as aforesaid, as the property of said named plaintiffs, and, unless said defendants are restrained by this honorable court, they will sell said property, and further cast and create a cloud upon the title of said plaintiff John R. Conquest to said land, to their irreparable damage and injury.'"

The injunction was issued as prayed for. Plaintiff in error filed exception to the pleading and proper responsive answer. The plaintiff in error has fully briefed the case, but the defendants in error have filed no briefs.

The real issue involved is one of homestead exemption. Upon the trial, without a jury, the court made and filed full findings of fact and conclusions of law, which fully cover all the issues of fact proven, and are supported by the testimony. Judgment was entered for defendants in error.

[1] We overrule plaintiff in error's first and second propositions in reference to the pleading. We think the petition sufficiently alleges facts showing the open, visible use of the land and the manner in which the homestead character was impressed upon the property.

The plaintiff in error claims that the allegation: "That all of said land was used, owned, and cultivated by him (meaning the head of the family) for the benefit of himself and family, and that the proceeds of the crops upon said land were needed and used by him for the support of himself and his family"— does not alone indicate a homestead. We think those allegations with the other allegations are sufficient to admit proof of a homestead.

[2] The Constitution (article 16, § 51) provides that—

"The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which *may be in one or more parcels, with the improvements thereon.*" (Italics ours.)

This language is very broad, and creates a homestead right upon "more parcels" than one "with the improvements" upon the several "parcels," and as to the rural homestead, unlike the urban home, there is no requirement that it should "be used for the purposes of a home." Axer v. Bassett, 63 Tex. 545.

[3] Our court has laid down the doctrine that homestead laws should be liberally construed. Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075; Schneider v. Bray, 59 Tex. 674.

[4] The trial court upon sufficient evidence, it being a question of fact, found that the property was used as a homestead; in other words, used to contribute to the support of his family, and being so used it would not be limited as to earnings, so, if it had been shown, or could be shown, that there was an excess produced far above their actual and necessary support and maintenance, still that would not change the homestead character. It is not necessary to elaborate or speculate upon what use the surplus funds might be put to, which were not necessary for their actual support and comfort, for the homestead right would not be governed or impaired thereby.

[5] In respect to plaintiff in error's third proposition, that an abstract of judgment is not rendered fatally defective because "for the lack of room on the page of the index set aside for a certain letter, the clerk carries that letter forward to another page of the same index book, and there enters the names of the parties to the judgment," he cites no authority covering the question or in support thereof. This challenge is based upon the court's fourth finding of fact and fourth conclusion of law. Article 5448, R. S., provides, among other things, that the county clerk—

"shall immediately file and therein record [in the judgment record] all properly authenticated abstracts of judgment * * * at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits," etc.

The court found:

"After the defendant Cocke obtained his judgment against Lee and Minnie A. Conquest, he placed an abstract thereof on record in Hidalgo county, prepared and certified as by statute provided, but I further find that the clerk, after properly recording same, failed to properly index it as required by law, in that he, not having room under the letter 'C' in the index found in the front of the volume wherein the abstract of judgment was recorded, made a notation under said letter 'C' reverse side of index as follows: 'Continued under letter E.' I find that on the page of the index of names of parties to judgments recorded in that volume, originally set aside for names beginning with the letter 'E,' there appears the following: 'Brought from letter C.' That language is found in the index some distance below the letter 'E,' with a clear space between it and the last name beginning with the letter 'E,' of which they are eleven in number. The names of all the parties to the judgment appear in the index direct and reverse, but the names Minnie A. Conquest and R. M. Davis as defendants in judgment do not appear under the page of the index originally set aside for indexing names beginning with the letter 'C.'"

This was not a compliance with the law with reference to proper indexing, and therefore it created no lien upon the property in question, and we therefore overrule the assignment.

Having considered all the errors assigned, we have reached the conclusion that no error is shown that should require a reversal, and the judgment is affirmed.