

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Certified by O-2630

Opinion No. O-1568
Re: Proper indexing of abstract
of judgment under Articles
5447, 5448, et seq., R.C.S.,
1925, to create judgment
liens.

We have for reply your letter of October 5, 1939, wherein you ask the opinion of this department upon the question set forth in a letter to you from Hon. Floyd Mitchell, County Clerk of McLennan County, Texas, dated July 27, 1939, which reads, in part, as follows:

"Article 5448, Revised Civil Statutes of Texas, requires the County Clerk to enter upon the alphabetical index such judgment record, showing the names of each plaintiff and the defendant in the judgment and the number of the page of the book upon which the abstract is recorded. Does this article mean that the clerk should index the names of each defendant against whom the judgment was actually recovered?

"I am attaching to this letter an abstract of judgment form showing three names as defendants in a certain suit pending in said court and following these names in the recovery clause the name of only one defendant is shown, which is the only defendant the judgment was recovered against. Should this judgment be indexed against all three of the defendants, in the suit, or the one defendant only in the recovery cause"?

The specimen abstract of judgment enclosed with your letter reads, in part, as follows:

"I, Floyd Mitchell, Clerk of the County Court of McLennan County, Texas, do hereby certify that in a certain suit pending in said court, wherein John Doe, plaintiff, and John Smith, T.J. Logue and Birdie Wilson are defendants, No. 4121. The said plaintiff, John Doe, recovered judgment against said defendant, John Smith * * * "

Judgment liens are created purely by the statutes of this state and the mere taking of a judgment by "A" against "B" did not create a lien at common law. FREEMAN ON JUDGMENTS, 5th Edition, Vol. 2, p. 1927. As a result, the statutes must be strictly followed and by their terms a lien does not arise until the judgment is properly abstracted and indexed. 26 TEX. JUR. p. 358.

For a proper understanding of the nature of judgment liens and their creation, we set forth in full Articles 5447 and 5448 of the Revised Civil Statutes of Texas, 1925:

"Article 5447.- Abstracts of Judgments. Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and office seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

1. The names of the plaintiff and of the defendant in such judgment.

2. The number of the suit in which the judgment was rendered.

3. The date when such judgment was rendered.

4. The amount for which the judgment was rendered and the balance due thereon.

5. The rate of interest specified in the judgment.

"Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand."

"Article 5448.- Recording judgments.
Each county clerk shall keep a well bound book called the 'Judgment Record,' and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits and satisfaction of such judgment, and shall enter the same when properly shown."

As stated in CITIZENS STATE BANK OF CLARINDA, IOWA vs. DEL-TEX INVESTMENT CO. (Civ. App.) 123 S.W. (2d) 450:

"The object of the statutory proceeding for abstract of judgment and recordation thereof is to put subsequent purchasers or encumbrancers of property sought to be charged on notice of the lien thereby created".

As stated in BURNETT vs. COCKSHATT, ET AL, 21 S.W. 950, 2 CCA 304:

"While the indexing is made a necessary step in the creation of the lien, and while a substantial compliance with the statutory direction cannot be dispensed with by the courts, there is no reason why the purpose of those requirements should be ignored. The object is to afford a ready means of information as to the

names of persons in favor of, and against whom, judgment liens upon lands exist. When the index furnishes that, substantially as the law provides, the purpose is subserved and the statutes should not be construed so technically as to impose unnecessary difficulties upon the judgment creditor seeking to secure liens on the property of his debtor." (Underscoring ours.)

See also BRADLEY vs. JANSSEN, 93 S.W. 506 at page 508.

Article 5448, Revised Civil Statutes, supra, provides that the Clerk shall "enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment * * * " (Underscoring ours.)

We are mainly concerned with a proper construction of this portion of Article 5448, in answering your question, and we notice at the outset that the statutes (Articles 5447 and 5448) themselves both provide in haec verbae that the names of each plaintiff and of each defendant in the judgment must be indexed and not the names of each plaintiff and each defendant in the suit.

From the authorities in this state it is quite clear that an abstract of judgment is not admissible in evidence to show a lien claimed under it, unless the proper indexing of the abstract affirmatively appears.

CORBETT v. REDW OD, (Civ. App.) 58 S.W. 550;
WHITEAKER v. HILL (Civ. App.) 179 S.W. 539;
LEONARD v. BENFORD LBR. CO. (Civ. App.) 181
S.W. 797.

And we know also that the provision of Article 5448 requiring the clerk to enter upon the alphabetical index the name of each plaintiff and of each defendant has been held mandatory.

GUARANTY STATE BANK v. MARION COUNTY NATIONAL
BANK (Civ. App.) 293 S.W. 248;
BARTON v. PARKS, (Civ. App.) 127 S.W. (2d) 376.

Hon. Tom A. Craven, page 5

GULLETT GIN CO. vs. OLIVER, ET AL, 78 Texas 186 14 S.W. 451, is a leading case in this state in which the Supreme Court of Texas has handed down its interpretation of the statutes governing judgment liens. In that case judgment had been rendered against the individuals composing the partnership of Mitchell and Scruggs. The abstract was indexed only under the letter "M" under the partnership name and the court held this to be insufficient, saying:

"The language of the statute is clear, and its purpose obvious. The index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page in the book upon which the abstract is recorded. Revised Civil Statutes, Article 3158. This means that each name must appear in the index in its alphabetical order. The evident object is that persons searching for records, in order to discover the existence of judgment liens, may have the means of ascertaining whether such liens exist or not, with promptness and certainty. In this case a third person, dealing with Scruggs, who had no knowledge of the particular judgment, would have been compelled to examine the entire record in order to have ascertained that the abstract had been recorded. It is evident, we think, that in this particular the statute has not been complied with, either literally or in substance."

On the other hand, in GLASSCOCK vs. PIERCE, 92 Tex. 271, 47 S.W. 965, modifying 45 S.W. 415, the case was dismissed as to one member of the partnership on account of non-service, and it was held that since the judgment did not affect the dismissed party, either as a partner or as an individual, his name was properly omitted from the index.

In McGLOTHLIN vs. COODY (Comm. App.) 59 S.W. (2d) 819, aff. (Civ. App.) 39 S.W. (2d) 835, Chas. E. Coombes had recovered a judgment in the district court of Jones County against O.H. Coody for debt, and against said

Hon. Tom A. Craven, page 6

Coody and one Mrs. J.T. George for foreclosure of a vendor's lien. No personal judgment was rendered in favor of Coombes against the defendant, Mr. J.T. George, but Mrs. George recovered judgment against her co-defendant, G.H. Coody, by reason of his cross action against her, and the officers of the court recovered judgment against the respective parties for costs incurred by them.

We believe the facts in your hypothetical case are analogous to those presented in the McGlothlin case and the sole question before the court there was whether or not the property of Coody was charged with the judgment lien by reason of the failure to index the abstract of judgment alphabetically in the name of Mrs. George.

The Court held that no judgment lien was created and speaking through Short, J., presiding Judge of Section B of the Commission of Appeals, said:

"However, the articles involved here are 5447 and 5448, and it appears that according to the provisions of Article 5447 the clerk of a court, upon an application having been made, shall make out, certify, and deliver to the applicant an abstract of judgment showing five different things, the first of which is that the abstract shall show the names of the plaintiffs and not the names of one of the defendants, but the name of the several defendants, if there be several, and the names of several plaintiffs, if there be several, appearing upon the face of the judgment. After this has been done, and this instrument has been handed to the clerk, where it is sought to create a lien, then, according to Article 5448, this clerk shall record all properly authenticated abstracts of judgment when presented to him for record, and, after he has done this, the clerk is required to enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page in the book upon which the abstract is recorded. In other

words, the judgment lien given by plaintiff in
a judgment is purely a statutory one, and a
person who asserts that he has such a lien must
show that each and every requirement of the
statute has been followed in order that he shall
establish the existence of such lien." (Under-
scoring ours).

In SHIREY vs. TRUST COMPANY OF TEXAS, ET AL
(CCA 1934) 69 S.W. (2d) 835, writ refused, the abstract
of judgment prepared by the county clerk was indexed
only in the names of the plaintiffs and defendants ap-
pearing in the abstract and was not indexed in the name
of each defendant appearing in the judgment. There was
no personal recovery for debt by the plaintiff against
the defendants whose names were omitted from the ab-
stract, but the judgment did decree a recovery by plain-
tiffs of all the costs of the case against one of the
defendants not named in the abstract; and likewise another
defendant whose name did not appear in the abstract was
decreed a recovery of all costs incurred by him against
the plaintiff.

The court quoted with approval the language
above quoted in McGlothlin vs. Coody, supra, and held
that the abstract and index did not create a valid judg-
ment lien. See, also, in accord SHIREY, ET AL vs. TRUST
COMPANY OF TEXAS (CCA 1936) 98 S.W. (2d) 243.

In BARTON vs. PARKS, 127 S.W. (2d) 376 (CCA 1939)
a judgment had been rendered in favor of Louise L. Parks
against M. H. Maddox, John J. Burke, Carl W. Barker, and
each of them for $10,340.00, with 10% interest and cost of
court, and for a foreclosure of liens against certain
properties against all of such defendants and the defend-
ant John Bredemus. No personal judgment was rendered
against Bredemus.

The name of John Bredemus was omitted from the
abstract of judgment filed and his name was not entered
upon the alphabetical index to such judgment record as
required by law. The court quoted with approval the case
of McGlothlin vs. Coody, supra, and Shirey vs. Trust Com-
pany of Texas, supra, and held that the abstract and

index did not create a valid judgment against the property of M. H. Maddox for the sole reason that the abstract and index omitted the name of John Bredemus.

In GUARANTY STATE BANK OF DONNA vs. MARION COUNTY NATIONAL BANK (CCA 1927) 293 S.W. 848, the abstract of judgment was alphabetically indexed in the name of each defendant against whom judgment was taken, but was not alphabetically indexed in the nameo f any plaintiff.

The court said:

"The statute (Art. 5448) provides that the clerk shall record all abstracts of judgment filed in his office for that purpose, and shall also at the same time enter the abstract 'upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page in the book upon which the abstract is recorded'. This requirement is mandatory, and is construed to mean that the names of each party to the judgment, both plaintiff and defendant, must appear in the index in alphabetical order. GIN COMPANY vs. OLIVER, 78 TEXAS 182, 14 S.W. 451. The trial court having found that the judgment 'was not alphabetically indexed in the name of any plaintiff', the statutory requirement was not met, the registration was fatally defective, and the judgment lien was not effectuated." (Underscoring ours).

In SAN ANTONIO LOAN & TRUST COMPANY vs. DAVIS, 235 S. W. 613 (CCA 1921) two defendants names were omitted from the abstract and index, and although no money judgment was recovered a lien was foreclosed against them and the court held that the abstract and index were insufficient to create a lien.

We take notice of the cases of VON STEIN vs. TREXLER, 23 S. W. 1047 (CCA 1893) and BLUM ET AL vs. KEYSER (CCA 1894), 28 S. W. 561, which follows the Trexler case and seems to be authority for the proposition that a substantial compliance with the statutes is sufficient and

that an abstract that is correctly indexed in respect of one of several defendants creates a lien against **his** property.

We believe that this line of cases in so far as the point here involved is concerned was rendered obsolete by the court in McGlothlin vs. Coody, supra, when it said:

"The opinion of the case of Blum vs. Keyser, supra, is in partial conflict with the opinion in this case, and to the extent that it is in conflict it should be overruled. In that case the court held that it was not necessary to place the name on the indirect index. To that extent we think the opinion of the court in that case is erroneous."

The statutes provide that the names of each plaintiff and of each defendant in the judgment shall be indexed, and not the names of each plaintiff and of each defendant in the suit, and these names must be indexed properly to create a lien.

NYE, ET AL vs. MOODY, 70 Texas 434, 8 S.W. 606; NYE, ET AL vs. GRIBBLE 70 Texas 458, 8 S.W. 608; McDANIEL, ET AL vs. KILNER, (CCA 1929) 19 S.W. (2d) 426, aff. S preme Court 36 S.W. (2d) 992, 120 Texas 160; COCKE vs. CONQUEST, (Civ. App.) 2 S.W. (2d) 992, aff. (Comm. App.) 13 S.W. (2d) 348; SECURITY NATIONAL BANK OF WICHITA FALLS vs. ALLEN (Civ. App.) 261 S.W. 1057.

We believe that the proper test for the County Clerk to apply in all cases is, the names of the plaintiffs and the defendants appearing on the face of the judgment. If a party is shown as a plaintiff or a defendant in the judgment his name should be indexed. We take it that from the abstract of judgment form submitted the only defendant appearing upon the face of the judgment was John Smith. In such case, only the name of John Doe, plaintiff, and John Smith, defendant, need be indexed as required by Article 5448, Revised Civil

Statutes, McGlothlin vs. Coody, supra.

Consequently, you are respectfully advised and it is the opinion of this department that under Article 5448, Revised Civil Statutes, the County Clerk of McLennan County, should enter upon the alphabetical index to his judgment record the name of each plaintiff and of each defendant appearing upon the face of a judgment, in order to effectuate a judgment lien.

Moreover, it is the opinion of this department that it is the duty of the county clerk to enter in alphabetical order the name of each plaintiff and of each defendant appearing upon the face of a judgment (in order to create a judgment lien) although no personal judgment for debt has been rendered against such plaintiff or defendant (a judgment in rem for foreclosure being sufficient); and even though the only judgment rendered against any party to the judgment is for costs.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

JDS/ob

By _Jas. D. Smullen_
Jas. D. Smullen

APPROVED OCT 23, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_