## MAY, 1917

LOUIS SCHIELE v. LAVERNE F. KIMBALL.*

No. 2492.    Decided May 16, 1917.

(194 S. W., 944).

1.—Jurisdiction of Supreme Court—Boundary.

The test whether a case is one of boundary, over which the Supreme Court has no jurisdiction, is:    would there have been any case if there had been no question of boundary?    The determinative inquiry simply is: does the whole litigation grow out of a question of boundary?    (P. 3).

2.—Same—Case Stated.

In a suit for land, arising out of the location of the boundary between two connecting surveys, claimed by plaintiff and defendant respectively, defendant, holding under the older location, pleaded limitation; and plaintiff pleaded estoppel of defendant as to the location of the boundary.    The sufficiency of limitation depended on the establishment of the line as claimed by defendant, and this would have prevailed but for the estoppel to claim such boundary pleaded by plaintiff.    *Held* that the issue of estoppel concerned only the location of the boundary line and operated only as a method for locating it.    The case was therefore one of boundary, and the Supreme Court had no jurisdiction by writ of error.    (Pp. 2, 3).

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

The action was by Schiele for the recovery of land from Kimball. Plaintiff had judgment which, on defendant's appeal was affirmed

*Note.—This and the five cases following, Wilson v. Giraud; Waggoner Bank & Trust Co. v. Gamer Co.; West Lumber Co. v. Goodrich; Commonwealth Bond and Cas. Co. v. Bryant; Noble v. Robison; should have appeared in former volumes.    The records were never sent to the reporter for publication, and the omissions being discovered, it was thought proper to insert them in this volume.

Reporter.

(150 S. W., 303). Writ of error was obtained by appellant, but is here dismissed as improvidently granted because of want of jurisdiction.

*Love & Channell*, for plaintiff in error.

*Hutcheson & Hutcheson*, for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question of our jurisdiction of this case was considered in passing upon the application for writ of error. We overruled a motion to dismiss at that time and, being of the view that we had jurisdiction, granted the writ. Upon a full investigation it is apparent that the case is one of boundary, of which the jurisdiction of the Court of Civil Appeals is final.

The action was in the form of trespass to try title to certain land, the plaintiff pleading title in fee simple and by limitation. The defendant answered by plea of not guilty and by pleas of limitation, and also pleaded over for the recovery of the land. While the suit had this form, the controversy in fact was over the true location of the boundary line between the adjoining tracts of the parties, and, if not located as the plaintiff contended, whether the defendant was not estopped to assert the contrary.

The plaintiff owned land upon the Moody Survey, the defendant upon the Duckworth, two adjoining surveys in Harris County. The Duckworth is the older survey. The Moody survey lies south and west of it, its field notes calling for the south and west line of the Duckworth. The disputed line is the west boundary line of the Duckworth.

At the outset of the trial, the parties made an agreement which, in its effect, was that if the land in controversy was in the Moody survey, the plaintiff was entitled to it; and if in the Duckworth, the defendant was entitled to it, unless his claim was overcome by limitation or estoppel.

In the trial court a verdict for the plaintiff was directed, under the court's view that he had conclusively established his claim of title under five years limitation.

The Court of Civil Appeals found that there was sufficient evidence to sustain the defendant's contention that the west line of the Duckworth was 386 varas west of the line claimed by the plaintiff. This would make the land in suit a part of the Duckworth, and, according to its finding rendered erroneous the peremptory charge in favor of the plaintiff as to a title by five years limitation, since the payment of taxes relied on to support such a title was only upon land described as in the Moody survey. It further found,

however, that under the proof the defendant was estopped from claiming that the location of the disputed line was as asserted by him in the suit, and upon that ground affirmed the judgment.

The test for determining whether a case is one of boundary is: Would there have been any case if there had been no question of boundary? If so, it is not a boundary case. If not, it is necssarily a boundary case, though it may involve questions of title. The determinative inquiry simply is: Does the whole litigation grow out of a question of boundary? Cox v. Finks, 91 Texas, 318, 43 S. W., 1.

The essential question in the present case was whether the land in dispute was in the Moody or in the Duckworth survey. This depended upon the location of the boundary line. Under the agreement of the parties, the defendant was entitled to the land if it was in the Duckworth, unless defeated by limitation or estoppel. The plaintiff's asserted title by limitation of five years depended upon the location of the line. The issue of estoppel likewise concerned only its location. It operated only as a method invoked for locating the line according to the equitable rights of the parties. There were no other possible issues in the case under the agreement. The location of the line was the dominating question of the entire case, and determines its character.

The writ of error was improvidently granted, and the cause is dismissed because the court is without jurisdiction of it.