**D. R. SEMMES, Appellant,**

v.

**Oscar OLIVAREZ et al., Appellees.**

No. 11085.

Court of Civil Appeals of Texas.

Austin.

May 8, 1963.

Pope & Pope, Rio Grande City, for appellant.

A. J. Vale, Emilio F. Gutierrez, Rio Grande City, for appellee.

HUGHES, Justice.

This is a suit in trespass to try title brought by D. R. Semmes, appellant, to recover the possession of and title to Lots 29, 31, 32, 39, 40, 41, 42, 49, 50, 54, and 60, of Unit No. 2, of the Valle Rico del Rio Grande Subdivision of Porcions numbered 75, 76 and 77, Camargo Jurisdiction, in Starr County, Texas, containing 130.56 acres of land.

Judgment in a non-jury trial was rendered that appellant, D. R. Semmes, take nothing by his suit and that appellees (defendants), Oscar Olivarez, Mrs. Hattie E. Atkinson, Henry W. and Henry G. Lehman recover the title to and possession of all the lots above described except Lot 60 which was not claimed by appellees in their answer filed in this cause, and as to which no question is presented by this appeal.

Appellant pleaded both the ten and twenty-five year statutes of limitations. Arts. 5510 and 5519, Vernon's Ann.Civ.St., respectively. Appellees pleaded the five year statute of limitations, Art. 5509, V.A.C.S., and the ten and twenty-five year statutes.

Appellant offered no proof of a record title. He did offer proof in support of his plea of ten years adverse possession. It is our opinion that this evidence, at most, presented a question of fact which has been determined against him.

In 1946 and 1947 appellant purchased other lands which are adjacent to the lands in suit. All of these lands, totaling 2000 acres, were enclosed by a fence. Mostly,

they were grazing lands, and there is evidence that all of such lands, including the lands in suit, were used for grazing purposes by tenants of appellant following the year 1946. These tenants were Manuel Munoz and Guadalupe Munoz, brothers, both of whom were deceased at the time of trial.

Appellant never lived on the lands which he purchased in 1946 and 1947, nor did he ever live on the lands in suit. He made no improvements on the lots sued for except perhaps to repair the outside fence which enclosed the large pasture. He did not separately enclose these tracts, and he paid no taxes on them. Appellant testified that one reason for purchasing the lands that he bought was that he was aware of the opportunity to claim by adverse possession the lots in suit which were enclosed in the large pasture. He testified that he claimed such lots adversely from the time of his purchase of the other lands, but that he told no one, except his lawyer, that he was making such claim. Since appellant was not in personal possession of the property, he attempted to establish possession through the possession of Manuel or M. S. Munoz and his brother Guadalupe Munoz as his tenants.

Appellant testified that he "leased" the property to Manuel Lopez in 1946. He also testified that he had a "lease contract" with Guadalupe Munoz. Appellant placed in evidence written leases between himself and Guadalupe Munoz for the year 1954 and several subsequent years, the land being described as 2000 acres "more or less, comprising all of the La Guna pasture, north of Highway No. 83, located in porcion No. 75, Camargo Jurisdiction, Starr County, Texas."

Appellant testified that the land in suit was located in the eastern part of porcion 76 and the western part of porcion 77. These leases, then, did not cover the lots in suit.

There is in evidence a written lease from Reverend J. E. Atkinson, under whom appellees claim title, to M. S. Munoz covering Lots 49, 50 and 54, dated November, 1948, and being for one year. There is also shown a written one year lease from Reverend Atkinson to Guadalupe Munoz dated July, 1954, covering the same lots.

Felipe B. Barrera, nephew of Guadalupe Munoz, testified that Uncle Guadalupe rented the land in suit from appellant.

Guadalupe H. Munoz, Jr., testified that both his father and uncle, Manuel, rented this land from appellant, stating that each paid an annual rental of $800.00. This is the amount called for in the written lease between appellant and Guadalupe Munoz which lease, as shown, did not cover the land in suit.

On February 16, 1949, appellant wrote the following letter to an attorney in San Antonio, Texas:

"Referring to yours of 15th regarding the Cates 30 acres, Tracts 29, 31, 32, Valle Rico, Starr County, I own the adjoining land but I acquired this land 3 years ago and paid only a nominal price—$10.00 to $12.00 an acre.

"When I was in Houston in December I talked to Mr. J. E. Atkinson who owns nearby land and he informed me that W. W. Cates bought this land from a land promoter and paid $65 an acre so I told him I would not be interested.

"I expect to make a trip to Rio Grande City this weekend and will look into this matter and then advise you what I would be willing to offer and I will inquire around and find out who else might be interested in purchasing it."

There is in evidence a deed from L. B. Caruthers et al. to Reverend J. E. Atkinson, dated April 11, 1927, conveying Lots 49, 50 and 54 above described. These lots were conveyed by the estate of Reverend Atkinson by deed dated August 26, 1961, to appellee Oscar Olivarez.

The record shows that L. B. Caruthers et al. conveyed by deed dated March 26,

1928, Lots 29, 31 and 32, above described, to W. W. Cates and Clara Bell Cates. By mesne conveyances these lots were conveyed to appellee Oscar Olivarez by C. H. Burt and wife, Loretta Cates Burt and William Robert Cates by deed dated September 8, 1960.

There also is in the record a deed dated November 14, 1926, from E. H. Banta and wife to Henry and Eva Clyde Lehman conveying Lots 39, 40, 41 and 42, above described. Mr. Lehman and his son, Henry G. Lehman are appellees herein. Mrs. Eva Clyde Lehman is deceased. Mr. Lehman, the son, testified that the four lots which his father bought were fenced in 1928, when he and his mother went to Rio Grande City for that purpose. The fence gradually deteriorated over the ensuing years. In 1956, the ten lots in suit were fenced by the joint undertaking of the Cates, the Atkinsons and the Lehmans.

The Trial Court has made numerous findings of fact and appellant has attacked many of these as being without evidentiary support. We do not consider it necessary that we detail each of these findings and the evidence pertinent thereto because we have set forth the substance of the evidence introduced upon the trial and we are satisfied that it supports the legal conclusion of the Trial Court that appellant did not sustain the burden of establishing title to the lands sued for under the ten year statute of limitations.

In order for appellant to prevail it was necessary that he establish that the Munoz brothers were his tenants of the land in suit. Their possession had to be his possession, or he had no possession. This question was certainly an issuable fact question. The tenants were deceased. The only written lease which either was shown to have executed did not cover these lands. Appellant testified that he rented these lands to the Munoz brothers. He was a highly interested witness, and the Court had the privilege of not believing him. That he did just this, is obvious from his find-

ings and judgment. The other evidence on this point came from the son and nephew of Guadalupe Munoz. Their testimony is of a most inconclusive nature. They testified to the use of the land. Since the lands involved were in a larger pasture and not separately fenced, it would be most difficult not to graze them along with the other lands in the pasture. They did testify that these lands were rented from appellant, but the only rental referred to was the rent prescribed in the written lease covering other lands.

Furthermore, we are of the opinion that appellant by his letter of February 16, 1949, acknowledged the true ownership of the Cates' three lots and the Atkinson's three lots. See Allison v. Groppenbacher, 142 S.W.2d 528, El Paso Civ.App., writ ref., where it was held that a letter from the limitation claimant during the limitation period which stated, "Of course, I would like to own these lands for the reason if I should ever sell I could sell them with the other lands. * * * justified, if it does not compel, the finding that on that date defendant was not asserting claim to the land involved adverse to the title of plaintiffs."

While this admission does not specifically apply to the Lehman lots, it forms a basis from which a legitimate inference could be drawn that the only lands which appellant at such time claimed to own in this vicinity were the lands he had acquired by payment of a monetary consideration, which would not include the Lehman lots.

We need not elaborate upon appellant's contention that he was entitled to recover because of proof of prior possession. Appellant had no possession unless the Munoz brothers were his tenants as to this land. The finding of the Trial Court that they were not tenants as to these lots is fully supported by evidence. It follows that appellant has not proved prior possession.

Appellant objected to the admission in evidence of the deeds to which we have referred because appellant, as authorized

by Rule 791, Texas Rules of Civil Procedure, demanded that an abstract of title be filed by appellees, and such demand was not met.

Appellees, as authorized by Art. 3726, V.A.C.S., did file a list of instruments, including such deeds, which were duly filed of record in the county of suit and where the lands were situated, among the papers in this cause and thereby gave notice that such records would be read upon the trial of this case. Such instruments were, therefore, properly admitted in evidence. Whether they could be used for the purpose of establishing title in appellees to the lands in suit, we need not determine because it is not necessary that they be considered for such purpose.

The judgment of the Trial Court is affirmed.

Affirmed.