Hillard Bolden CORDER, Jr., Appellant,

v.

Gladys FOSTER et al., Appellees.

No. 16195.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 28, 1973.

Rehearing Denied Jan. 24, 1974.

Homer L. Cox, Houston, for appellant.

Jack W. Mills, James W. Lee, Houston, for appellees.

EVANS, Justice.

This is an appeal from a judgment rendered in favor of appellees-plaintiffs against appellant-defendant in a trespass-to-try title action. Appellees claimed a record title to the land in suit and appellant asserted title under various statutes of limitation. At a prior trial, judgment was rendered that plaintiffs take nothing; however, that judgment was set aside on appellees' motion for new trial and upon a second trial, the court without a jury rendered judgment for appellees.

Appellant first contends that the trial court erred in not granting his "Motion to Deny Plaintiff to Submit Any Claim of Title" which asserted that appellees had failed to comply with Rules 791 and 792, Texas Rules of Civil Procedure by timely filing their abstract of title in response to appellant's demand. The record reflects that appellant's demand for abstract was served upon appellees on June 17, 1968 and that on July 19, 1968, more than twenty days after the date of receipt of such demand, appellees filed a motion for extension of time with proposed order granting such extension. The order was never signed by the court but the abstract was actually filed on August 3, 1968. During the first trial the instruments upon which appellees based their claim of record title were offered and received in evidence, apparently without objection. The order granting appellees' motion for new trial was entered on February 9, 1973, and on March 5, 1973 appellant filed his motion asserting that appellees had failed to comply with Rules 791 and 792 of the Texas

Rules of Civil Procedure. Appellant's motion was overruled on the same day it was filed and the cause proceeded to be heard by the court without a jury on April 5, 1973. The statement of facts shows no objection was made at the time of trial to any of the instruments offered by appellees on the ground that appellees had failed to timely comply with appellant's demand for abstract.

The purpose of Rules 791 and 792 of the Texas Rules of Civil Procedure, which specify the procedure for obtaining an abstract in writing of the claim or title upon which the opposing party relies, is to enable the person demanding such abstract to investigate the records and thereby determine the character of the instruments upon which the opposing party relies, so that an informed defense may be prepared. Texas Company v. Lee, Tex.Civ.App., 135 S.W.2d 180, modified on other grounds 138 Tex. 167, 157 S.W.2d 628. It is within the spirit of the Rules that the time for filing an abstract in response to a demand will be extended where the grant of additional time will not prejudice the party making the demand and the refusal of an extension would result in injustice. See McCraw v. City of Dallas, 420 S.W.2d 793 (Tex.Civ.App.—Dallas 1967, writ ref'd, n. r. e.); Farhart v. Blackshear, 434 S.W.2d 395 (Tex.Civ.App.—Houston, 1st, 1968, writ ref'd, n. r. e.); Davis v. Dowlen, 136 S.W.2d 900 (Tex.Civ.App.—Beaumont 1940, writ dism'd, judgmt. cor.). In this case appellees' abstract of title had been on file for well over four years prior to the date of trial and, under the circumstances outlined above, the trial court did not err in overruling appellant's motion and in permitting appellees to offer the instruments in evidence. Appellant's first point of error is overruled.

Appellant next contends that the trial court erred in admitting in evidence a deed from Amelia P. Withrow, which recited that she was "formerly widow of R. F. Pannell and survivor of the community

heretofore existing between myself and said R. F. Pannell, duly qualified according to law in Harris County, Texas, joined herein by my present husband, George B. Withrow" to J. H. Hutchings. Appellant contends that appellees failed to prove any transfer of title from R. F. Pannell to the grantors in this instrument, Amelia P. Withrow and husband, George B. Withrow, and that therefore there is a missing link in appellees' chain of title.

The deed in question is over 80 years old and falls within the classification of an ancient document. Its factual recitations of marital status and evidencing the existence of the community are admissible as an exception to the hearsay rule. See McCormick and Ray, Texas Law of Evidence, Vol. 2, Secs. 1371–1376. The record does not show that this conveyance or its recitals have ever been attacked and appellant makes no claim of title under R. F. Pannell. The trial court was justified in concluding that the property in suit constituted a part of the former community estate of R. F. Pannell and Amelia Pannell (Withrow) and that Amelia P. Withrow was the survivor of that community. See Sealey v. Mutual Land Company, 184 S.W. 1073 (Ft. Worth Civ.App., 1916, writ refused); Lobley v. Gilbert, 149 Tex. 493, 236 S.W.2d 121 (1951); Speer's Marital Rights in Texas (1961), Vol. 2, Sec. 662. Except for the matter of her remarriage, discussed below, Amelia Withrow was empowered to dispose of the community for the payment of community debts, even absent formal qualification. Stone v. Jackson, 109 Tex. 385, 210 S. W. 953 (1919); Lang, Texas Practice, Land Titles, Vol. 4, Sec. 504. The trial court was at liberty to presume the existence of community debts. Hand v. Errington, 233 S.W. 567 (Tex. Civ.App.—Fort Worth 1921, aff'd, Tex. Com.App., 242 S.W. 722, rehearing denied, Tex.Com.App., 248 S.W. 25).

The face of the deed shows that at the time of its execution Amelia P. Withrow had remarried and that she was joined

in the conveyance by her second husband, George B. Withrow. It has been held that remarriage terminates the community survivor's right of disposition of the community. Auerbach v. Wylie, 84 Tex. 615, 19 S.W. 856 (1892); Wingfield v. Hackney, 95 Tex. 490, 68 S.W. 262 (1902); Lang, Texas Practice, Land Titles, Vol. 4, Sec. 504, p. 407, and authorities cited. However, we view this apparent defect in appellees' record title as immaterial to our decision because, among other reasons, the record reflects that appellees were entitled to recover on the basis of prior possession.

The evidence was uncontroverted that in 1938 a producing well was brought in by the assignee of an oil, gas and mineral lease executed by appellees' predecessor in title and that the well had continuously produced and was serviced and maintained by the assignee's employees down through the years to the time of trial. Prior possession may be established through the possession of the owner's tenants or agents. Land v. Turner, 377 S.W.2d 181, 186 (Tex.Sup.1964); Duren v. Strong, 53 Tex. 379 (1880); Pacific Express Co. v. Dunn, 81 Tex. 85, 16 S.W. 792 (1891). The evidence clearly showed actual and apparent possession of the land by appellees' predecessors many years prior to 1955, the date of first possession claimed by appellant. It was also uncontroverted that appellant claimed no connection with the record title and his entry into possession was that of an intruder on the land.

We hold that the evidence established a prima facie presumption of title in appellees by prior possession and that such presumption of title was not rebutted by appellant's evidence. Reiter v. Coastal States Gas Producing Company, 382 S.W. 2d 243 (Tex.Sup.1964). We further hold that due to the great lapse of time since the date of the conveyance from Amelia P. Withrow and the evidence of possession and dominion thereunder by appellees' predecessors without adverse claim being asserted against the title of Amelia P. Withrow, the trial court was justified in presuming a passage of the title from R. F.

Pannell into appellees' predecessors. See Oswald v. Staton, 421 S.W.2d 174 (Tex. Civ.App.—Waco 1967, writ ref'd n. r. e.); Ballingall v. Brown, 226 S.W.2d 165 (Tex.Civ.App.—Ft. Worth 1949, writ ref'd n. r. e.). Appellant's second point of error is overruled.

In appellant's third point of error he contends that the trial court erred in admitting in evidence a right-of-way conveyance from appellees' predecessor, H. P. Forster, to Harris County because it was not an instrument in appellees' chain of title. This instrument was apparently offered by appellees to refute the testimony of appellant concerning his claim of limitation title and appellees admit it constitutes no part of their record title. Even if this instrument was not relevant, any error in admitting it in evidence was harmless. We overrule this point.

Appellant's last point of error is that the trial court erred in admitting exemplified copies of probate proceedings of the estate of H. P. Forster in Hennepin County, Minnesota. Appellant objected to the admission of this document on the ground that the inventory filed in the estate made no mention of any property in Texas and contends, in effect, that it was inadmissible as a muniment in appellees' chain of title. Appellant further argues under this point that there was no showing that H. Percy Forster, to whom the title to the land was shown to have been conveyed, was one and the same person as H. P. Forster, the decedent in this proceeding. Under Section 261 of the Texas Probate Code, V.A.T.S., an inventory may constitute prima facie proof of the property which comprises the decedent's estate, but it is not conclusive evidence even as to estates administered in the State of Texas. As to estates administered outside Texas we are doubtful that the inventory could ever be considered negative evidence insofar as concerns land in this State. Any property situated in this State could not be administered in the foreign proceedings and would not therefore be properly includable in the inventory filed in such proceedings. Since the record reflects that ti-

tle to the property in suit was transferred to H. P. Forster and there is no evidence that H. P. Forster ever divested himself of title during his lifetime, the trial court could properly infer that H. P. Forster died owning title to the property. Hill & Jahns v. Lofton, 165 S.W. 67 (Tex.Civ. App.—Amarillo 1914, writ ref'd); Mc-Cormick and Ray, Texas Law of Evidence, Sec. 81. We regard the similarity of the name H. Percy Forster with the name of the decedent, H. P. Forster, to be sufficient evidence of identity. Farhart v. Blackshear, 434 S.W.2d 395 (Tex.Civ.App. —Houston, 1st, 1968); Smith v. Gillum, 80 Tex. 120, 15 S.W. 794 (1891). The deed to H. Percy Forster recited that the parties resided in Hennepin County, Minnesota and it is shown that H. P. Forster died in that county and that his estate was administered there. We find there was ample evidence from which the trial court might conclude that proof of identity was established. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.