Ray E. PLUMB, Jr. et ux., Petitioners,

v.

E. E. STUESSY, Respondent.

No. B–9817.

Supreme Court of Texas.

May 27, 1981.

Rehearing Denied July 15, 1981.

Pannill &. Hooper, William Pannill, Houston, Clayton E. Evans, Burnet, for petitioners.

McDaniel & Travis, Samuel D. McDaniel and Don W. Kothmann, Austin, for respondent.

BARROW, Justice.

This is a dispute over the correct boundary lines of an access lane owned by petitioners Ray E. Plumb, Jr. and wife (Plumb). The lane is bordered on the west by a tract owned by respondent E. E. Stuessy. The trial court granted Stuessy an instructed verdict at the conclusion of Plumb's evidence and entered a judgment which vested title and possession of the disputed property in Stuessy. The court of civil appeals affirmed. 603 S.W.2d 351. We reverse the judgments of the lower courts and remand the cause to the trial court.

In December 1975 Plumb purchased a 2,887.2 acre ranch in Burnet County. Included in this purchase was Tract A containing 1.69 acres and Tract B containing 3.2 acres. These tracts are described by metes and bounds in Plumb's deed. Each tract consists of a 30-foot-wide strip of land that runs roughly north and south for approximately a mile and one half and provides access from Highway No. 183 to Plumb's ranch. These two tracts were acquired in 1899 and 1900 respectively, by Plumb's predecessor, H. J. McGuire. The two tracts of land form a lane which has

been continuously used for access purposes by McGuire and all subsequent owners of the ranch. The lane, which has been identified as McGuire's Lane was bounded by fences on the east and west and is wider than thirty feet in some places. Also, there is a jog in the lane where the two tracts join and overlap.

At the time of Plumb's acquisition, the roadway was only a rough, narrow caliche-based road which had become crooked over the years, probably as a result of mud holes and growing trees. In 1976, Plumb made extensive improvements to the roadway and lane. He graded and straightened the roadbed and paved a ten foot roadway. He also bulldozed the brush from the lane. Stuessy immediately protested the destruction of trees and brush which he said were on his land although they were east of his fence. Stuessy also commenced construction of a new fence which would partially obstruct the roadway. As a result of this controversy, at least two surveys were made of the land in an attempt to determine the correct boundary lines of McGuire Lane. The property owner to the east was not involved in this controversy although undoubtedly some of his land would be affected by any agreement as to the boundaries of the lane. A compromise was verbally agreed to between Plumb and Stuessy, but it was not consummated after Plumb's mortgage holder refused to agree. The mortgage holder refused because the owner of the property to the east of the land was not a party to the agreement. After the negotiations failed, Plumb filed this suit whereby he asserted title to Tract A and Tract B and also asserted claim under adverse possession for any other land in the lane between the two fences which was described as Tract C.

The crucial question in this case is the nature of Plumb's suit. The lower courts considered the suit as asserting only a statutory trespass to try title action and applied the settled rules relating to such a formal cause. The rules for trial of a pure trespass to try title action were restated in *Land v. Turner*, 377 S.W.2d 181 (Tex.1964), as follows:

> To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961). He may recover by (1) proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession had not been abandoned. . . .

The trial court granted a directed verdict for Stuessy at the close of Plumb's evidence and rendered a judgment which divested Plumb of his title and right to possession of Tracts A and B, and denied his adverse possession claim to Tract C.[1] The court of civil appeals held that Plumb had failed to establish title either from sovereignty of the soil, by a common source or by limitations and that the issue of prior possession had been waived by Plumb. Accordingly, the trial court judgment was affirmed.

■ It is our conclusion from this record that the lower courts construed Plumb's cause of action too narrowly. Plumb's petition, although not a model of clarity by any means, asserts more than a pure trespass to try title action. In addition to the formal trespass to try title allegations, Plumb alleged that his predecessors acquired title to Tracts A and B and that the present fences have constituted the easterly and westerly boundaries of the roadway for over fifty years. He further alleged that Stuessy had recently commenced construction of a fence to the east of the existing fence on the west side of the roadway. Along with other relief, Plumb sought an injunction to prevent Stuessy from relocating the westerly fence of the lane. These pleadings raise more than a pure trespass to try title action.

---

1. The question of "prior possession" was not considered by the trial court at the time the directed verdict was granted.

It is established that boundary disputes may be tried by a statutory action of trespass to try title. *Schiele v. Kimball*, 113 Tex. 1, 194 S.W. 944 (1917); *Standolind Oil & Gas Co. v. State*, 136 Tex. 5, 133 S.W.2d 767, 770 (1939). *See also: Allen v. Keeling*, 613 S.W.2d 253 (Tex.1981).

It is clear from the record that this cause was tried as a boundary suit. *Cf. Braumiller v. Burke*, 111 Tex. 145, 230 S.W. 400 (1921). Plumb's title to Tracts A and B was not disputed. Although Stuessy alleged only a formal "not guilty" plea, his theory of the case was that the existing west fence of the lane was not the correct boundary line and, in fact, encroached on his land. His attorney's opening statement to the trial court made reference to the need to locate the boundary line. All witnesses were cross-examined extensively by Stuessy's attorney in an effort to establish the proper boundary lines.

The uncontradicted evidence established that Plumb and his predecessors have continuously used the McGuire Lane since the tracts were first acquired by McGuire as access to his ranch. There was evidence that McGuire Lane had been fenced for more than fifty years. Although the lane has also been used by owners of property south of Plumb's ranch, there is evidence that this use has been with the permission of Plumb and his predecessors. A locked gate was placed at the south end of the lane by Plumb and keys were given by him to his permittees. All the testimony developed by both parties revolved around these issues: (1) the correct location of the boundary lines of Tracts A and B; and (2) whether Plumb acquired title to the rest of McGuire Lane by adverse possession.

The proper test for determining if the case is one of boundary is as follows: If there would have been no case but for the question of boundary, then the case is necessarily a boundary case even though it might involve questions of title. *Schiele v. Kimball, supra*. We conclude from the record before us that this is a boundary case.

Since this is a boundary dispute, it was not necessary for Plumb to establish his superior title to the property in question in the manner required by a formal trespass to try title action to avoid losing title to his property. *Poth v. Roosth*, 146 Tex. 7, 202 S.W.2d 442 (1947); *Rocha v. Campos*, 574 S.W.2d 233 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Brown v. Eubank*, 378 S.W.2d 707 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). Plumb did prove record title to Tracts A and B. *Cf. Greenlee v. Taylor*, 79 Tex. 149, 14 S.W. 1056 (1890); *Stringfellow v. Brown*, 326 S.W.2d 1 (Tex.Civ. App.—Fort Worth 1959, no writ). Furthermore, there is some evidence that Plumb and his predecessors were in actual possession of the lane which possession was exclusive and peaceable at the time this controversy arose and for many years prior thereto.

The trial court erred in granting the instructed verdict for Stuessy at the close of Plumb's case and in rendering judgment vesting title and possession to the disputed land in Stuessy. This error requires a reversal of the judgment and a remand of the cause for a new trial.

The judgments of the lower courts are reversed and the cause is remanded to the trial court.

McGEE, J., not sitting.