Harold L. HUNT, Petitioner,

v.

Dan HEATON, Respondent.

No. C–1216.

Supreme Court of Texas.

Nov. 24, 1982.

Rehearing Denied Jan. 19, 1983.

Michael L. Landrum, Houston, for petitioner.

J. Robert Liles, Conroe, for respondent.

CAMPBELL, Justice.

This suit was brought as a trespass to try title action. The trial court held Hunt could not offer evidence of his title because he did not file his abstract of title within 20 days of demand. The court rendered judgment that Hunt take nothing. The court of appeals affirmed the trial court judgment. 631 S.W.2d 549. We affirm the judgment of the court of appeals.

Heaton answered Hunt's petition by pleading "not guilty" and demanded that Hunt furnish an abstract of the title he would rely on at trial. Tex.R.Civ.P. 791.[1] Hunt did not request an extension of time

---

1. Rule 791. May Demand Abstract of Title.

    After answer filed, either party may, by notice in writing, duly served on the opposite party or his attorney of record, not less than ten days before the trial of the cause, demand an abstract in writing of the claim or title to the premises in question upon which he relies.

to file the abstract as authorized by Rule 792 of the Texas Rules of Civil Procedure.[2] Five years after the demand was made, and 39 days prior to the trial, Hunt filed the abstract. Five days later, Hunt filed a document styled "Notice of Intention to Submit Certified Copies of Recorded Instruments." Certified copies of the deeds relied on by Hunt were attached.

The trial court refused to allow Hunt's evidence of his title. The court relied on that portion of Rule 792 which provides that if no abstract is filed within the time period allowed by the Rule, "no evidence of the claim or title of such opposite party shall be given on trial." Hunt complains that Rule 792 should not be read so strictly. He argues the purpose of the Rule is to provide the opposing party with adequate notice of a claim and Heaton had adequate notice because the abstract was filed 39 days before trial.

■ Rule 792 states the abstract of title *shall* be filed with the court within 20 days of the demand, or within such further time as the court should grant for good cause. The courts freely grant extensions of time if the extension will not prejudice the other parties. *Corder v. Foster*, 505 S.W.2d 645 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). In this case, Hunt made no effort to secure an extension of time to file his abstract. There is no evidence showing good cause for filing the abstract five years late. Therefore, the trial court correctly refused to admit Hunt's evidence of title.

Hunt relies upon *Corder v. Foster, supra; McCraw v. City of Dallas*, 420 S.W.2d 793 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.); and *Davis v. Dowlen*, 136 S.W.2d 900 (Tex.Civ.App.—Beaumont 1939, writ dism'd judgm't cor.), to support his position that Rule 792 should not be applied strictly when adequate notice is given. The McCraw case is distinguishable because the documents were not offered to prove the

City's superior title. Rule 792 states, "no evidence of the *claim or title* of such opposite party shall be given on trial." (Emphasis added). The Rule applies only when the documents demanded are offered to prove the opposite party's superior title. *Corder v. Foster, supra,* is distinguishable because no objection was made at trial to the introduction of the title documents. *Davis v. Dowlen, supra,* is distinguishable because good cause for an extension of time was shown in that case.

This Court will not disregard a rule of procedure which has been in existence for over 100 years. Although the sanction available for failure to comply with a demand can be considered harsh, extensions of time are freely given *when requested.* Hunt did nothing to comply with the demand or the rules for almost five years. "Abstract justice achieved by a complete disregard of the rules governing trials in our courts may appeal to some as a means of arriving at an end thought to be desirable. It is not a proper philosophy to use in affirming or reversing judgments." *Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

■ Hunt next contends the certified copies of title documents which were filed 34 days before trial were admissible under art. 3726,[3] despite his failure to comply with Rule 792. Art. 3726 states:

Every instrument of writing which is permitted or required by law to be recorded in the office of the Clerk of the County Court, and which has been . . . so recorded . . . for a period of ten (10) years in the book used by said Clerk for the recording of such instruments . . . shall be admitted as evidence in any suit in this State, without the necessity of proving its execution; . . . provided, that the party to give such instrument in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three

---

**2.** Tex.R.Civ.P. 792. Time to File Abstract.

Such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may

grant; and, in default thereof, no evidence of the claim or title of such opposite party shall be given on trial.

**3.** Tex.Rev.Civ.Stat.Ann. art. 3726.

(3) days before the commencement of the trial ... and give notice ... to the opposite party or his attorney ....

Hunt argues the provisions of Rule 792 conflict with the provisions of art. 3726, and that art. 3726, a statute, should control over Rule 792, a rule of procedure. We disagree.

The purpose of art. 3726 is to authenticate an "ancient document" without the necessity of proving its execution. *Beaumont Pasture Co. v. Preston & Smith,* 65 Tex. 448 (1886); *Hancock v. Tram Lumber Co.,* 65 Tex. 225, 232 (1885). The statute is not designed to eliminate all objections to an ancient document, only objections based on its authenticity. There is no contention that Hunt's documents were not authentic or not executed with the proper formalities. The objection here is that the documents were not produced after a timely demand was made for them. There is no conflict between art. 3726 and Rule 792 because they serve different purposes. Art. 3726 authenticates ancient documents; Rule 792 compels discovery.

The cases relied on by Hunt are not applicable. No abstract was demanded in *Fenley v. Ogletree,* 277 S.W.2d 135 (Tex.Civ. App.—Beaumont 1955, writ ref'd n.r.e.). The court in *Semmes v. Olivarez,* 368 S.W.2d 46 (Tex.Civ.App.—Austin 1963, no writ), held that, although the title documents in question were admissible in evidence under art. 3726, whether they could be used to prove superior title need not be determined under the facts of that case. 368 S.W.2d at 49. In *Farhart v. Blackshear,* 434 S.W.2d 395 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.), the complaining party failed to preserve his error by objecting to the admission of the title documents at trial.

Hunt's last contention is that the case was tried by consent as a boundary suit, rather than a trespass to try title action. He argues the trial court erred in rendering a take nothing judgment against him on the basis of his failure to introduce title documents because he is not required to establish superior title in a boundary suit.

Boundary disputes may be tried by a statutory trespass to try title action. *Plumb v. Stuessy,* 617 S.W.2d 667, 669 (Tex. 1981); *Stanolind Oil & Gas Co.,* 136 Tex. 5, 133 S.W.2d 767, 770 (1939). Hunt's pleadings are in the form prescribed by the Rule for pleading a trespass to try title action. Tex.R.Civ.P. 783. The pleadings cannot be construed as doing more than alleging a suit for trespass. A petition alleging trespass to try title always puts title and possession in issue. *Poth v. Roosth,* 146 Tex. 7, 202 S.W.2d 442, 445 (1947). In the absence of a special pleading alleging a boundary dispute, as in *Plumb v. Stuessy,* Hunt's title to the disputed land was in issue.

Any one of a number of facts may determine title or possession, but the cause of action remains the same—trespass to try title. That the case may have turned factually on the question of boundary does not alter the cause of action pleaded and disposed of by the judgment. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564, 570 (1937). *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97, 98 (1894).

To recover in trespass to try title, the plaintiff must rely upon the strength of his own title and not upon the weakness of the defendant's. *Plumb v. Stuessy,* 617 S.W.2d at 668; *Land v. Turner,* 377 S.W.2d 181 (Tex.1964). Hunt sought to prove his title by a chain of instruments beginning with a patent from the State, and ending with a deed conveying the land to him. This is a proper means of proving a superior title in a trespass to try title action. *Land v. Turner,* 377 S.W.2d at 183. Because of the failure to file an abstract of the chain of title, the trial court properly excluded any offer of proof by Hunt relating to his claim or title. Hunt failed to prove his superior title and therefore, the correct judgment is that he take nothing. *Poth v. Roosth,* 202 S.W.2d at 444.

The judgment of the court of appeals is affirmed.

SONDOCK, J., concurs with opinion.

BARROW, J., dissents with opinion, in which SPEARS, J., joins.

**SONDOCK, Justice, concurring.**

I concur in the result because of the present wording of Tex.R.Civ.Pro. Rule 792. This case magnifies the need to streamline the unnecessary formalities of trespass to try title actions. Fictitious proceedings in the action of ejectment were abolished in this state in 1840. Tex.Rev.Civ.Stat.Ann. (Art. 7364). Trespass to try title has remained a sacred cow that should not be permitted to continue to feed on unnecessary technicalities.

**BARROW, Justice, dissenting.**

I respectfully dissent.

This suit, although brought in the form of a trespass to try title action, involves only the location of the correct boundary line between petitioner Harold L. Hunt and respondent Dan Heaton. Since this was a boundary dispute, Hunt's failure to timely file the requested abstract of title did not foreclose his right to establish proper boundary. Therefore, the court of appeals erred in affirming the instructed verdict granted against Hunt by the trial court at the close of his evidence.

It is established that boundary disputes may be tried by a statutory action of trespass to try title. *Plumb v. Stuessy,* 617 S.W.2d 667 (Tex.1981); *Standolind Oil & Gas Co. v. State,* 136 Tex. 5, 133 S.W.2d 767 (1939); *Schiele v. Kimball,* 113 Tex. 1, 194 S.W. 944 (1917). In such an action the plaintiff is not required to establish superior title to the property in question in the manner required in a formal trespass to try title action. *Plumb v. Stuessy, supra* 617 S.W.2d at 669; *Rocha v. Campos,* 574 S.W.2d 233, 235 (Tex.Civ.App.—Corpus Christi 1978, no writ); *see Poth v. Roosth,* 146 Tex. 7, 202 S.W.2d 442 (1947); *Brown v. Eubank,* 378 S.W.2d 707 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.).

The crucial question in this case is the nature of Hunt's suit. The proper test for determining whether the case is one of boundary is as follows: If there would have been no case but for the question of boundary, then the case is necessarily a boundary case even though it might incidentally involve a question of title. *Plumb v. Stuessy, supra.*

All the parties involved have continually treated this case as a boundary dispute. At the outset of the trial, counsel for Hunt stated:

> In any event, Your Honor, the dispute, the issue here is precisely where the boundary line between Mr. Heaton's property and Mr. Hunt's property lies. And that has become disputed through the years which some ancient surveys of the property and some documents which really don't reflect the precise location of a railroad right of way. Mr. Heaton claims the railroad right of way, Mr. Hunt claims the property immediately adjacent to the north thereof. And that is the sole issue in the Plaintiff's view which is before the Court here today....

Heaton's attorney replied in part as follows:

> As counsel said, this is a boundary question. And it involves a right of way of the old Santa Fe spur east of 149 into the town of Montgomery just east of where the depot was.

The testimony of both Hunt and Heaton demonstrates the dispute was over the location of the boundary between Hunt's property and the abandoned railroad right-of-way owned by Heaton. Hunt testified that his southern boundary line was pointed out to him by F.G. Huffman who had surveyed the property. Heaton testified that after he bought the abandoned railroad right-of-way, the Hunts complained when he started to clean it up. At this time, a dispute arose over the boundary which resulted in this court action.

Heaton did not dispute that Hunt is the owner of the property north of Heaton's property. Heaton testified in part:

Q. And do you dispute today that Mr. Hunt is the owner of the property north of yours?

A. I do not.

Q. Alright. And the question that we're really here to determine today is not whether Mr. Hunt owns any

property but really what property he owns; isn't that correct?

A. Well, I understand that it's the north boundary of the railroad track, railroad right of way.

Q. That we're trying to locate here?

A. Right.

Q. That's right. Okay. So you don't have any dispute of Mr. Hunt owning property there, do you?

A. North of that.

Q. Right. But whether or not we can find out what that property line is really what we're here to do today, isn't it?

A. The north boundary of the railroad right of way.

The record clearly demonstrates that this case involves only a dispute over the proper boundary line and the parties have acknowledged the case as a boundary dispute. Therefore, Hunt was not required to establish his superior title to the property in question in the manner required by a formal trespass to try title action. *Plumb v. Stuessy, supra.* Consequently, his failure to timely file his abstract is not fatal to his suit to establish the correct boundary line.

The trial court erred in granting the instructed verdict for Heaton at the close of Hunt's case. This error would require a reversal of the judgment and a remand of the cause for a new trial. In any event, the abstract was filed by Hunt some thirty-nine days before the trial. Since Hunt's title was not in dispute, the delay in filing the abstract could not have prejudiced Heaton in any manner. Any error in not timely filing the abstract was therefore harmless. Rule 434, Rule 504, Tex.R.Civ.Pro. *McGraw v. City of Dallas,* 420 S.W.2d 793 (Tex.Civ. App.—Dallas 1967, writ ref'd n.r.e.).

I would reverse the judgments of the lower courts and remand the cause to the trial court for trial on the merits.

SPEARS, J., joins in this dissent.